Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARLA BRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) |
| | ) COMPLAINT |
| AUTOMATED ACCOUNTS, INC, a | ) |
| Washington Corporation, and | ) [FDCPA] |
| MICHELLE DOE and JOHN DOE, | ) |
| husband and wife and the marital | ) |
| community comprised thereof. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I.  JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15

U.S.C. § 1692k(d).

COMPLAINT  -1

2.    This action arises out of Defendants' violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and their agents in their

illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred

here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4.    Plaintiff Starla Braham is a natural person who resides in the City of Deer

Park, County of Spokane, State of Washington, and is a "consumer" as that

term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, Automated  Accounts, Inc. (hereinafter "Defendant Automated")

is an entity who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as

defined by 15 U.S.C. §1692a(5).

6.    Defendant Michelle Doe (hereinafter "Defendant Doe") is a natural person

who was employed at all times relevant herein by Defendant Automated  as a

collection agent and is a "debt collector" as that term is defined by 15 U.S.C. §

1692a(6).

COMPLAINT  -2

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

# FACTUAL ALLEGATIONS

7.    On or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a medical bill that was incurred by Plaintiff for personal, family and household purchases.

8.    Plaintiff disputes the amount of the debt that Defendant Automated claims is owed.

9.    The debt was consigned, placed or otherwise transferred from the creditor to Defendants for collection from this Plaintiff.

10.    For several months in 2009, Plaintiff made payments in the amount agreed to Defendant Automated by calling Defendant Automated, giving her debit card number to an agent of Defendant Automated, and authorizing a withdrawal from her bank account.

11.    In November, 2009, Plaintiff called Defendant Automated to inform them that her husband had been laid off and that her payment would be a few days late.

12.    Plaintiff again called Defendant Automated in November 2009 and made her agreed monthly payment.

COMPLAINT  -3

13. Approximately two days after Plaintiff called Defendant Automated to make her November payment, a representative of Defendant Automated, who identified herself as "Michelle" (hereinafter "Defendant Doe") contacted Plaintiff by telephone.

14. Defendant Doe's telephone contact with Plaintiff was an attempt to collect a debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. Despite repeated assurance by Plaintiff that she had paid Defendant Automated its November payment as agreed, Defendant Doe accused the Plaintiff of lying about the funds available in her checking account.

16. Defendant Doe stated to Plaintiff that she had discussed the matter with her manager and that Defendant Automated had decided to begin garnishing the Plaintiff's wages.

17. Defendant Automated did not have a judgment against Plaintiff in November 2009.

18. Defendant Automated had not commenced any legal proceeding against Plaintiff in November 2009.

19. Defendant Automated had no present right to garnish the Plaintiff's wages in November 2009.

COMPLAINT  -4

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

20.   As of the date this case was filed, neither Defendant Automated nor Defendant Doe had initiated any legal proceeding against Plaintiff that could possibly give rise to a right to garnish the Plaintiff's wages.

21.   The above-described collection communications made to Plaintiff by Defendant Doe were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

22.   Defendants' illegal abusive collection communication as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

23.   Defendant Doe's threat to garnish Plaintiff's wages caused the Plaintiff to cry uncontrollably and to fear for her ability to pay her other creditors and care for her family.

24.   Defendant Doe's threat to garnish Plaintiff's wages caused conflict, fear, and anxiety in her personal relationships.

25.   Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

COMPLAINT  -5

*Respondeat Superior Liability*

26.    The acts and omissions of Defendant Doe, who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Automated.

27.    The acts and omissions by Defendant Doe was incidental to, or of the same general nature as, the responsibilities this agent as authorized to perform by Defendant Automated in collecting consumer debts.

28.    By committing these acts and omissions against Plaintiffs, Defendant Doe was motivated to benefit her principal, Defendant Automated.

29.    Defendant Automated is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

30.    Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

COMPLAINT  -6

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

# CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

31.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.    The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of these Plaintiffs.

33.    As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

COMPLAINT  -7

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff;

- for such other and further relief as may be just and proper.

Dated: October 28, 2010

                                        Respectfully submitted,


                                        **KIRK D. MILLER, P.S.**


                                        **/s Kirk Miller**
                                        Kirk D. Miller
                                        WSBA # 40025
                                        211 E. Sprague Ave.
                                        Spokane, WA 99202
                                        Telephone:  (509) 413-1494
                                        Facsimile: (509) 413-1724
                                        kmiller@millerlawspokane.com
                                        **Attorney for Plaintiff**

COMPLAINT  -8