Thomas M. Smith
Attorney for Defendant Automated Accounts, Inc.
P.O. Box 1360
Spokane, WA 99210
Phone: 509-327-9902
Fax:    509-327-6238
email: tmilby@thomasmsmithattorney.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARLA BRAHAM,<br><br>                                Plaintiff,<br><br>vs.<br><br>AUTOMATED ACCOUNTS, INC., a Washington Corporation, and MICHELLE DOE and JOHN DOE, husband and wife, and the marital community comprised thereof,<br><br>                                Defendants. | NO. CV-10-385-EFS<br><br>ANSWER TO COMPLAINT BY DEFENDANT MICHELLE BULL |

COMES NOW the above-named Defendant, Michelle Bull, a single person, by and through her attorney, the undersigned, and does herein answer the Complaint of the Plaintiff as follows:

1.     Defendant Michelle Bull admits that the above-entitled court has jurisdiction and therefore admits to paragraph 1 of Plaintiff's Complaint.

ANSWER TO COMPLAINT AND COUNTERCLAIM
Page 1

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

2.   Defendant Michelle Bull denies each and every allegation paragraph 2 of Plaintiff's complaint and affirmatively asserts that all material times hereto no violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 has been committed Michelle Bull, or to her knowledge, by Automated Accounts, Inc. or its agents and employees and that no improper or illegal effort to collect a consumer debt has occurred.

3.   Defendant Michelle Bull admits the venue in the above-entitled court is proper and therefore admits the allegations stated in paragraph 3 of Plaintiff's Complaint.

4.   Defendant Michelle Bull admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.   Defendant Michelle Bull admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.   Michelle Bull admits to the allegations contained in paragraph 6 of Plaintiff's complaint.

7.   Defendant Michelle Bull is unable to ascertain which "financial obligation" Plaintiff refers to, and thus, lacking insufficient information, must deny all allegations contained in paragraph 7 of Plaintiff's complaint. However, Defendant Automated Accounts, Inc. was assigned two accounts for collection debts owed by

ANSWER TO COMPLAINT AND COUNTERCLAIM
Page 2

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

Starla Braham and/or Larry Braham, husband and wife, and that all times material hereto properly and lawfully pursued collection of the assigned accounts. Except as admitted herein Defendant Michelle Bull denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant Michelle Bull denies each and every allegation contained in paragraph 8 of Plaintiff's Complaint. Plaintiff affirmatively agreed that she owed the two debts assigned to Defendant Automated Accounts, Inc. for collection and admitted liability for each account and Plaintiff agreed to and made payments on the obligations assigned to Automated Accounts, Inc.. Plaintiff's conduct and payments to Michelle Bull constituted an acknowledgement of responsibility for the debt assigned to Defendant Automated Accounts, Inc.

9. Defendant Michelle Bull is without information to know specifically which "debt" the Plaintiff is referring to and is not familiar with the term "consigned" as stated by Plaintiff in paragraph 9 of Plaintiff's Complaint and Defendant Michelle Bull denies each and every allegation contained therein. However, two debts owed by Plaintiff were assigned to Defendant Automated Accounts, Inc. for collection against Plaintiff. Defendant Michelle Bull is not familiar with the use of the term "consigned" and therefore cannot respondent without further information. Except as

ANSWER TO COMPLAINT AND COUNTERCLAIM
Page 3

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

stated herein, Defendant Michelle Bull denies each and every allegation contained in paragraph 9 of Plaintiff's Complaint

10. Defendant Michelle Bull admits the allegations contained in paragraph 10 of Plaintiff's Complaint. Affirmatively, Defendant Automated Accounts, Inc. per Michelle Bull did not use the credit card for payment unless each payment was previously authorized to Michelle Bull by Plaintiff.

11. Defendant Michelle Bull denies each and every allegation contained in paragraph 11 of Plaintiff's Complaint. Plaintiff statement in her complaint paragraph 11 is not consistent with Plaintiff's statements to Michelle Bull, an employee of Automated Accounts.

12. Defendant Michelle Bull admits that Plaintiff called Defendant Michelle Bull and authorized Michelle Bull to use her credit card for the purpose of making the agreed October 2009 payment of $200 on the account. The payment was declined due to insufficient funds. Thus, no payment occurred. Except as otherwise admitted herein, Defendant Michelle Bull denies each and every allegation contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant Michelle Bull denies the allegations contained in Paragraph 13 of Plaintiff's complaint. The contact by Michelle Bull was for the purpose of getting the October payment made by Plaintiff.

ANSWER TO COMPLAINT AND COUNTERCLAIM
Page 4

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

14. Defendant Michelle Bull admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant Michelle Bull denies each and every allegation contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant Michelle Bull denies each and every allegation contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant Michelle Bull admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant Michelle Bull admits the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant Michelle Bull admits that a garnishment is not proper until after a judgment is obtained. Except as stated, Defendant Michelle Bull denies the allegations contained in paragraph 19 of Plaintiff's Complaint. Michelle Bull did not at any time make any statement or give any implication to Plaintiff that a garnishment would occur prior to the institution of legal process or prior to obtaining a judgment. Defendant Michelle Bull informed Plaintiff that because of not making her agreed monthly payment, Michelle Bull would refer the debts assigned to Automated Accounts for legal process. It was the Plaintiff that initiated the subject of garnishment upon learning of the intended referral for legal process and inquired of

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

the Defendant Michelle Bull if her wages would be garnished. In response thereto Michelle Bull informed Plaintiff that garnishment is a part of the legal process. That Plaintiff was at all material times hereto fully aware that a garnishment could not and would not be instituted prior to Defendant first having obtained a Judgment against Plaintiff.

20. Defendant Michelle Bull admits the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant Michelle Bull denies each and every allegation contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant Michelle Bull denies each and every allegation contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant Michelle Bull denies each and every allegation contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant Michelle Bull denies each and every allegation contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant Michelle Bull denies each and every allegation contained in paragraph 25 of Plaintiff's Complaint.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

26. Defendant Michelle Bull denies each and every allegation contained in paragraph 26 of Plaintiff's Complaint, but admits that Michelle Bull was at all times material hereto an employee of Defendant Automated Accounts, Inc.

27. Defendant Michelle Bull denies each and every allegation contained in paragraph 27 of Plaintiff's Complaint, but admits that Michelle Bull was/is for all material times hereto an employee of Defendant Automated Accounts, Inc. and that Michelle Bull was/is authorized by Automated Accounts, Inc. to collect consumer debts on behalf of Defendant Automated Accounts, Inc..

28. Defendant Michelle Bull denies each and every allegation contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant Michelle Bull denies each and every allegation contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant Michelle Bull admits that pursuant to law, Plaintiff is entitled to demand a trial by jury under the Fair Debt Collection Practices Act.

31. Defendant Michelle Bull denies each and every allegation contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant Michelle Bull denies each and every allegation contained in paragraph 32 of Plaintiff's Complaint.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

33. Defendant Michelle Bull denies each and every allegation contained in paragraph 33 of Plaintiff's Complaint.

34. Plaintiff has instituted the aforementioned lawsuit against Defendant Michelle Bull and the same is groundless and unfounded. Defendant Michelle Bull believes that said lawsuit has been instituted without good faith and without probable cause and with the intent to harass or otherwise adversely affect Michelle Bull all contrary to and violates the provisions of 15 USC 813 (a) (3). That as a direct and proximate result of instituting and making Michelle Bull a party to the claims as stated in Plaintiff's complaint, Michelle Bull has sustained and suffered may continue to sustain and suffer emotional and personal distress, anxiety, fear of reprisal by Plaintiff or other persons acting on behalf of Plaintiff, loss of sleep, anxiety and concern over financial security, loss of self esteem between Michelle Bull and her fellow employees at Automated Accounts, Inc. causing undue and unwarranted stress at work, all causing Michelle Bull to suffer substantial damages in substantial sums to be determined at trial.

WHEREFORE, Defendant Michelle Bull prays that the judgment be entered against the above-named Plaintiff as follows:

ANSWER TO COMPLAINT AND COUNTERCLAIM
Page 8

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

1. That all of the claims of the Plaintiff as stated in Plaintiff's Complaint be dismissed with prejudice and that the Plaintiff recover no statutory or general damages or attorney's fees and costs; and

2. That the Defendant Michelle Bull have judgment over and against the above-named Plaintiff for reasonable attorney's fees, costs and other general and special damages as may be proven at the time of trial, all in substantial amounts against the Plaintiff; and

3. For such other and further relief as the court may deem just and equitable in the cause.

DATED this 21st day of January, 2011.

s/ Thomas M. Smith
Thomas M. Smith, WSBA #0687
Attorney for Michelle Bull

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kirk D. Miller: kmiller@millerlawspokane.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM\ECF participant: n/a

/s/ Thomas M. Smith

ANSWER TO COMPLAINT AND COUNTERCLAIM
Page 9

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238