**Thomas Milby Smith**
**Attorney at Law**
**P.O. Box 1360**
**Spokane, WA  99210**
**Phone:  509-327-9902**
**Fax:      509-327-6238**
**email:  tmilby@thomasmsmithattorney.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARLA BRAHAM,<br><br>                    Plaintiff,<br><br>        v.<br><br>AUTOMATED ACCOUNTS, Inc., a<br>Washington Corporation; and Michelle<br>Doe and John Doe husband and wife<br>and marital composed thereof,<br>                    Defendants, | NO. CV-10-385  EFS<br><br><br>**DEFENDANTS STATEMENT OF<br>FACTS**<br>**IN SUPPORT OF DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT** |

This case arises from a debt owed by plaintiff Starla Braham to Deaconess Hospital.  *Deposition of Starla Braham ("Braham Dep."), 21:10-23:2.*[1]

1.  In January 2008, Ms. Braham visited the emergency room at

---

[1] Excerpts attached to Declaration of Thomas M. Smith in Support of Defendants' Motion for Summary Judgment ("Smith Decl.") as Exhibit A.  Numbers denote deposition page and line numbers.

Defendants Statement of Facts            Page 1 of 13

Deaconess and received treatment for an injury she sustained at her workplace. *Braham Dep., 21:10-23:2.*

2. Ms. Braham did not pay the bill for her treatment. *Braham Dep., 23:16-23.*

3. Ms. Braham declined to pay the bill despite receiving letters from Deaconess requesting payment. *Braham Dep., 23:16-23.*

4. After its failed attempts to obtain payment from Ms. Braham, Deaconess referred the debt to defendant Automated Accounts, Inc. ("Automated Accounts") for collection. *Braham Dep., 23:4-9.*

5. Automated Accounts prides itself on being a professional, law-abiding, above-board collection company. *See Deposition of Michelle Bull ("Bull Dep.,") 33:20-24.*[2]

6. Automated Accounts impresses on its employees its aspiration to be the "white hat" amongst the "black hat" community of debt collection agencies. *Bull Dep., 33:20-24.*

7. Automated Accounts expects its employees to treat debtors with respect and has terminated employees who fail to do so. *Bull Dep., 33:25-34:16.*

---

[2] Excerpts attached to Smith Decl. as Exhibit B.

Defendants Statement of Facts        Page 2 of 13

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

8. In late 2008, Automated Accounts contacted Ms. Braham to arrange payment on her debt to Deaconess. *Braham Dep., 20:23-21:18, 23:4-9; Affidavit of Michelle Bull in Support of Defendants' Motion for Summary Judgment ("Bull Aff.").*

9. Ms. Braham spoke with defendant Michelle Doe, who works for Automated Accounts.[3] *Braham Dep., 20:23-21:8; Bull Dep., 5:7-8.*

10. Ms. Braham acknowledged Ms. Doe's politeness on the telephone. *Braham Dep., 23:4-15.*

11. Ms. Doe is a "collector" for Automated Accounts. *Bull Dep., 13:10-12; Bull Aff..*

12. Ms. Doe's duties include making calls to debtors (whom Automated Accounts requires employees to refer to as "consumers"), verifying account information, and handling credit reporting calls. *Bull Dep., 22:9-23:2.*

13. Ms. Doe does not work in Automated Accounts' legal department. *Bull Dep., 93:15-94:22.*

14. Ms. Doe freely admits she does not know precisely what happens after a claim is sent to the legal department. *Bull Dep., 93:15-*

---

[3] Michelle Doe was deposed under her real name, Michelle Bull.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

*94:22.*

15.     If a consumer calls with a legal question, Ms. Doe refers the call to Automated Accounts' legal department.  *Bull Dep., 42:18-22.*

16.     Ms. Doe's job duties include beginning the process of legal action against a consumer by requesting assignment of the debt. *Bull Dep., 51:12-14; 62:3-20.*

17.     Ms. Doe is aware that legal action against a consumer can involve garnishment.  *Bull Dep., 93:15-94:22.*

18.     Ms. Doe admits she is not familiar with the steps or procedures between the time she requests assignment of a debt and the time garnishment may occur.  *Bull Dep., 93:15-94:22.*

19.     Ms. Braham initially agreed to pay $50 per month toward her debt. *Braham Dep., 24:18-23.*

20.     Ms. Braham began making payments around October or November 2008.  *Braham Dep., 26:23-24:5.*

21.     During one conversation between Ms. Braham and Ms. Bull in December 2008, Ms. Braham expressed concern to Ms. Bull about the possibility of her wages being garnished.  Ms. Braham, not Ms. Bull, made this reference to garnishment. *Bull Aff.*

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

22.     Ms. Bull assured Ms. Braham that as long as Ms. Braham made the agreed-upon payments, Ms. Bull would not refer Ms. Braham's debt for legal process.  *Bull Aff.*

23.     Ms. Bull did not mention garnishment in this conversations.  *Bull Aff.*

24.     In February 2009, Ms. Braham spoke to Ms. Doe and agreed to increase her debt payment to $200 per month.  *Braham Dep., 27:20-29:1.*

25.     Ms. Braham again concedes Ms. Doe was courteous on the telephone.  *Braham Dep., 28:12-17.*

26.     Ms. Braham received a letter each month from Automated Accounts telling her what she owed on her debt and reminding her payment was due.  *Braham Dep., 29:2-6.*

27.     For several months, Ms. Braham made payments on her debt by telephone.  *Braham Dep., 29:2-14.*

28.     Around August or September 2009, Ms. Braham began making her debt payments late.  *Braham Dep., 29:2-30:5; Bull Aff.*

29.     In or about October 2009, Ms. Braham missed a debt payment.  *Braham Dep., 30:23-31:5; Bull Aff.*

Defendants Statement of Facts          Page 5 of 13

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

30.    When Automated Accounts tried to process this payment, it was denied. *Bull Dep., 78:6-11.*

31.    After Ms. Braham's missed payment, Ms. Doe spoke to Ms. Braham on November 2, 2009. *Bull Dep., 78:6-14; Bull Aff.*

32.    Ms. Braham took an antagonistic attitude toward Ms. Doe in this conversation. *Bull Aff.*

33.    Ms. Doe advised Ms. Braham she was behind in the agreed-upon payments and advised Ms. Braham Automated Accounts would start its "legal process" to collect Ms. Braham's debt. *Bull Dep., 78:6-14; Bull Aff.*

34.    Automated Accounts begins its legal process by requesting assignment of the consumer's debt. *Bull Dep., 79:13-14.*

35.    After speaking to Ms. Braham on November 2, Ms. Doe requested assignment of Ms. Braham's debt the same day she advised Ms. Braham she would begin the legal process—November 2, 2009. *Bull Dep., 79:15-24.*

36.    During their conversation on November 2, 2009, Ms. Braham asked Ms. Doe if garnishment was part of the legal process. *Bull Dep., 81:7-21; Bull Aff.*

Defendants Statement of Facts          Page 6 of 13

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

37.     Ms. Doe answered that she believed garnishment was part of the legal process. *Bull Dep., 81:7-21.*

38.     Ms. Braham brought up the subject of garnishment in the November 2 conversation—Ms. Doe did not. *Bull Dep., 100:20-24; Bull Aff.*

39.     Ms. Doe attempted to answer Ms. Braham's question about garnishment. *Bull Dep., 83:11-16.*

40.     Ms. Doe normally did her best to answer when consumers asked questions of her. *Bull Dep., 83:11-16.*

41.     Ms. Doe noted that it was extremely unusual for a consumer to ask about garnishment. *Bull Dep., 83:17-84:2.*

42.     Ms. Doe did her best to correctly answer Ms. Braham's concern. *Bull Dep., 83:11-16.*

43.     Ms. Doe understood garnishment to be part of legal action against a debtor and believed she would have been lying to Ms. Braham had she responded otherwise. *Bull Dep., 81:17-82:9; 98:11-15.*

44.     Ms. Doe believed Ms. Braham understood the answer to her question about garnishment. *Bull Dep., 81:17-82:9; Bull Aff.*

45.     Ms. Doe never, at any time during the November

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

2conversation, told Ms. Braham Automated Accounts was going to garnish Ms. Braham's wages. *Bull Dep., 101:21-102:4.*

46.    Ms. Braham claims Ms. Doe said Ms. Braham's wages would be garnished. *Braham Dep., 41:19-42:11; 48:21-49:4.*

47.    Ms. Braham also admits those were not Ms. Doe's exact words. *Braham Dep., 48:21-49:4.*

48.    Ms. Doe testifies that Ms. Braham first broached the subject of garnishment and that Ms. Doe responded to Ms. Braham's question about garnishment. *See Bull Dep., 81:7-21.*

49.    No one but Ms. Braham and Ms. Doe witnessed their conversations. *Braham Dep., 42:5-43:12; Deposition of Larry Braham ("L. Braham Dep."), 32:6-8.*[4]

50.    Ms. Braham lacks any written record of her allegation that Automated Accounts threatened to garnish her wages. *Braham Dep., 42:19-22.*

51.    Ms. Doe documented the November 2, 2009 conversation when it occurred, including Ms. Braham's understanding of Ms. Doe's answer to her question about garnishment. *See generally Bull Dep.,*

---

[4] Excerpts attached to Smith Decl. as Exhibit C.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

*78:6-82:12.*

52.     To document her conversation with Ms. Braham, Ms. Doe used a computer program that does not allow alteration or amendment of her notes after she makes them. *Declaration of Scott Milsap in Support of Defendants' Motion for Summary Judgment ("Milsap Decl.")*.

53.     On November 2, 2011, after her last conversation with Ms. Doe, Ms. Braham called Ms. Doe's supervisor, Mario Ruiz, while visiting the home of her friend, Tamara Ramm. *Braham Dep., 55:4-56:10; 58:9-59:23; Bull Dep., 15:20-21; Affidavit of Mario Ruiz in Support of Defendants' Motion for Summary Judgment ("Ruiz Aff.")*.

54.     As he spoke with Ms. Braham, Mr. Ruiz heard a loud male voice in the background telling her that Automated Accounts could not garnish her wages without obtaining a judgment first. *Ruiz Aff.*

55.     It was apparent to Mr. Ruiz that the man in the background on Ms. Braham's end of the conversation, whom Mr. Ruiz presumed to be Ms. Braham's husband, Larry Braham, was coaching Ms. Braham. *Ruiz Aff.*

56.     Mr. Ruiz heard the man say to Ms. Braham that she had been consistent in making her payments to Automated Accounts, that

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Automated Accounts had no right to mention garnishment without a judgment in place, and that Ms. Braham knew she had 90 days from any missed payment before legal action could commence against her. *Ruiz Aff.*

57.     From what he heard, Mr. Ruiz believed Ms. Braham received correct information about when garnishment could occur on that date from the man speaking to her in the background. *Ruiz Aff.*

58.     Following Ms. Braham's call to Mario Ruiz, Ms. Ramm tried to reassure Ms. Braham that garnishment could not happen immediately or automatically. *Braham Dep., 58:9-59:23.*

59.     Ms. Ramm advised Ms. Braham to seek advice from an attorney. *Braham Dep., 58:12-14.*

60.     Ms. Braham at that time knew an attorney who had represented her in a previous matter. *Braham Dep., 17:21-18:8.*

61.     Ms. Braham did not seek the advice of an attorney until January 2010, two months after the November 2 call. *Braham Dep., 70:7-17.*

62.     In January 2010, Ms. Braham received a letter from Automated Accounts informing her that her debt remained unpaid.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

*Braham Dep., 70:7-17.*

63.    The January 2010 letter said nothing about garnishment. *Braham Dep., 50:10-24.*

64.    After the last conversation between Ms. Braham and Ms. Doe on November 2, Ms. Braham claims to have suffered emotional distress. *Braham Dep., 49:21-51:1.*

65.    Ms. Braham's husband was unemployed in the fall of 2009. *L. Braham Dep., 8:11-9:8; 10:13-11:16.*

66.    The Braham family faced a general shortage of income in the fall of 2009 unrelated to the Deaconess debt. *L. Braham Dep., 8:11-9:8; 10:13-11:16.*

67.    Ms. Braham's husband conferred with her once or more per month when paying the family's bills. *L. Braham Dep., 8:11-9:8; 12:19-13:3.*

68.    Mr. Braham saw his wife experience stress over bill paying in general. *L. Braham Dep., 8:11-9:8; 12:19-13:3.*

69.    Mr. Braham testified that Ms. Braham's outward appearance showed no unusual symptoms of stress. *See generally L. Braham Dep., 37:12-51:2.*

Defendants Statement of Facts          Page 11 of 13

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

70.    Mr. Braham concedes that a number of factors, including economic troubles unrelated to fears of garnishment, produced the same "worried look" on her face.  *L. Braham Dep., 47:25-48:25.*

71.    Mr. Braham confirmed that Ms. Braham never visited a doctor because of her dealings with Automated Accounts.  *L. Braham Dep., 54:11-14.*

72.    Ms. Braham concedes she will not seek damages relating to credit reporting.  *Braham Dep., 87:19-93:9, 93:13-16.*

73.    Ms. Braham is a high school graduate and attending college and had above average scores on SAT testing.  Braham Dep., 5:18- 6:12.


RESPECTFULLY SUBMITTED this 16th day of December, 2011.

Respectfully submitted,


s/Thomas M. Smith
Thomas M. Smith, WSBA #0687
Attorney at Law
PO Box 1360
Spokane WA  99210
Phone:  (509) 327-9902
Fax:  (509) 327-6238

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Email:
tmilby@thomasmsmithattorney.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the16th day of December, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kirk D. Miller: kmiller@millerlawspokane.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM\ECF participant:       n/a

/s/ Thomas M. Smith

Defendants Statement of Facts          Page 13 of 13

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238