**Thomas Milby Smith**
**Attorney at Law**
**P.O. Box 1360**
**Spokane, WA 99210**
**Phone: 509-327-9902**
**Fax: 509-327-6238**
**email: tmilby@thomasmsmithattorney.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

STARLA BRAHAM,

Plaintiff,

v.

AUTOMATED ACCOUNTS, Inc., a Washington Corporation; and Michelle Doe and John Doe husband and wife and marital composed thereof,

Defendants,

NO. CV-10-385 EFS

**DEFENDANTS MEMORANDUM OF AUTHORITIES**

**IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff Starla Braham bases her Fair Debt Collection Practices Act ("FDCPA") claims on a single telephone conversation and the uncorroborated assertion that, in that conversation, defendants threatened

Defendants Memorandum in support of summary Judgment - Page 1 of 28

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

to garnish Ms. Braham's wages. Defendants made no such threat, nor does Ms. Braham present evidence sufficient to raise a genuine issue of material fact. No written record of the conversation exists, and Ms. Braham concedes no witnesses can corroborate her own assertions. Indeed, Ms. Braham's deposition testimony, which features a contradictory account of what defendants supposedly said, weakens her claim even further.

Even if Ms. Braham could have misinterpreted defendants as implying an immediate threat of garnishment, no FDCPA violation occurred. Defendants simply told Ms. Braham what they intended to do. Defendants said nothing false or misleading nor claimed to pursue any action prohibited by law. Ms. Braham cannot sustain an FDCPA claims on these facts. The Court should grant summary judgment in defendants' favor on all of plaintiff's claims.

Even if she could produce evidence to support her claims, Ms. Braham still lacks the corroborating evidence required to recover damages for emotional distress, which her complaint suggests would comprise a substantial portion of her damages. The Court should summarily prohibit Ms. Braham from recovering such damages.

## II. FACTS

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

This case arises from a debt owed by plaintiff Starla Braham to Deaconess Hospital. *Deposition of Starla Braham ("Braham Dep."), 21:10-23:2.*[1] In January 2008, Ms. Braham visited the emergency room at Deaconess and received treatment for an injury she sustained at her workplace. *Braham Dep., 21:10-23:2.*

Ms. Braham did not pay the bill for her treatment. *Braham Dep., 23:16-23.* She declined to pay despite receiving letters from Deaconess requesting payment. *Id.* After its failed attempts to obtain payment from Ms. Braham, Deaconess referred the debt to defendant Automated Accounts, Inc. ("Automated Accounts") for collection. *Braham Dep., 23:4-9.*

Automated Accounts prides itself on being a professional, law-abiding, above-board collection company. *See Deposition of Michelle Bull ("Bull Dep.,") 33:20-24.*[2] Automated Accounts impresses on its employees its aspiration to be the "white hat" amongst the "black hat" community of debt collection agencies. *Id.* Automated Accounts expects its employees

[1] Excerpts attached to Declaration of Thomas M. Smith in Support of Defendants' Motion for Summary Judgment ("Smith Decl.") as Exhibit A. Numbers denote deposition page and line numbers.

[2] Excerpts attached to Smith Decl. as Exhibit B.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

to treat debtors with respect and has terminated employees who fail to do so. *Bull Dep., 33:25-34:16.*

In late 2008, Automated Accounts contacted Ms. Braham to arrange payment on her debt to Deaconess. *Braham Dep., 20:23-21:18, 23:4-9; see also Affidavit of Michelle Bull in Support of Defendants' Motion for Summary Judgment ("Bull Aff.").* Ms. Braham spoke with defendant Michelle Doe, who works for Automated Accounts.[3] *Braham Dep., 20:23-21:8; Bull Dep., 5:7-8.* Ms. Braham acknowledged Ms. Doe's politeness on the telephone. *Braham Dep., 23:4-15.*

Ms. Doe is a "collector" for Automated Accounts. *Bull Dep., 13:10-12; Bull Aff.* Ms. Doe's duties include making calls to debtors (whom Automated Accounts, consistent with its high professional standards, requires employees to refer to as "consumers"), verifying account information, and handling credit reporting calls. *Bull Dep., 22:9-23:2.*

Ms. Doe does not work in Automated Accounts' legal department, and she freely admits she does not know precisely what happens after a claim is sent to the legal department. *Bull Dep., 93:15-94:22.* If a consumer calls with a legal question, Ms. Doe refers the call to Automated

[3] Michelle Doe was deposed under her real name, Michelle Bull.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Accounts' legal department. *Bull Dep., 42:18-22.* However, Ms. Doe's job duties include beginning the process of legal action against a consumer by requesting assignment of the debt. *Bull Dep., 51:12-14; 62:3-20.* While Ms. Doe is aware that legal action against a consumer can involve garnishment, she admits she is not familiar with the steps or procedures between the time she requests assignment of a debt and the time garnishment may occur. *Bull Dep., 93:15-94:22.*

Ms. Braham initially agreed to pay $50 per month toward her debt. *Braham Dep., 24:18-23.* She began making payments around October or November 2008. *Braham Dep., 26:23-24:5.*

During one conversation between Ms. Braham and Ms. Bull in December 2008, Ms. Braham expressed concern to Ms. Bull about the possibility of her wages being garnished. *Bull Aff.* Ms. Braham, not Ms. Bull, made this reference to garnishment. *Id.* Ms. Bull assured Ms. Braham that as long as Ms. Braham made the agreed-upon payments, Ms. Bull would not refer Ms. Braham's debt for legal process. *Id.* Ms. Bull did not mention garnishment in this conversations. *Id.*

In February 2009, Ms. Braham spoke to Ms. Doe again and agreed to increase her debt payment to $200 per month. *Braham Dep., 27:20-29:1.*

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Ms. Braham again concedes Ms. Doe was courteous on the telephone. *Braham Dep., 28:12-17.*

Ms. Braham received a letter each month from Automated Accounts telling her what she owed on her debt and reminding her payment was due. *Braham Dep., 29:2-6.* For several months, she made payments on the debt by telephone. *Braham Dep., 29:2-14.*

Around August or September 2009, Ms. Braham began making her debt payments late. *Braham Dep., 29:2-30:5; see also Bull Aff.* In or about October 2009, Ms. Braham missed a debt payment. *Braham Dep., 30:23-31:5; Bull Aff.* When Automated Accounts tried to process the payment, it was denied. *Bull Dep., 78:6-11.*

After Ms. Braham's missed payment, Ms. Doe spoke to Ms. Braham on November 2, 2009. *Bull Dep., 78:6-14; Bull Aff.* Ms. Braham took an antagonistic attitude toward Ms. Doe in this conversation. *Bull Aff.* Ms. Doe advised Ms. Braham she was behind in the agreed-upon payments and advised Ms. Braham Automated Accounts would start its "legal process" to collect Ms. Braham's debt. *Bull Dep., 78:6-14; Bull Aff.* Automated Accounts begins its legal process by requesting assignment of the consumer's debt. *Bull Dep., 79:13-14.* After speaking to Ms. Braham,

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Ms. Doe requested assignment of Ms. Braham's debt the same day she advised Ms. Braham she would begin the legal process—November 2, 2009. *Bull Dep., 79:15-24.*

During their conversation on November 2, 2009, Ms. Braham asked Ms. Doe if garnishment was part of the legal process. *Bull Dep., 81:7-21; Bull Aff.* Ms. Doe answered that she believed so. *Id.* Notably, Ms. Braham brought up the subject of garnishment--Ms. Doe did not. *Bull Dep., 100:20-24; Bull Aff.* Ms. Doe merely attempted to answer Ms. Braham's question, which was what she normally did when consumers asked questions of her. *Bull Dep., 83:11-16.* Ms. Doe noted, however, that it was extremely unusual for a consumer to ask about garnishment. *Bull Dep., 83:17-84:2.* Consistent with her typical effort to accurately answer consumer inquiries, Ms. Doe did her best to correctly answer Ms. Braham's concern. *Bull Dep., 83:11-16.* Ms. Doe understood garnishment to be part of legal action against a debtor and believed she would have been lying to Ms. Braham had she responded otherwise. *Bull Dep., 81:17-82:9; 98:11-15.* Ms. Doe believed Ms. Braham understood the answer to her question. *Bull Dep., 81:17-82:9; Bull Aff.*

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Ms. Doe never, at any time during the conversation, told Ms. Braham Automated Accounts was going to garnish Ms. Braham's wages. *Bull Dep., 101:21-102:4.*

Ms. Braham tells a slightly different, unclear, and uncorroborated story. She claims Ms. Doe said Ms. Braham's wages would be garnished. *Braham Dep., 41:19-42:11; 48:21-49:4.* At the same time, Ms. Braham contradicts herself by admitting those were not Ms. Doe's exact words. *Braham Dep., 48:21-49:4.* Ms. Doe's testimony, which specifically explains that Ms. Braham first broached the subject of garnishment and Ms. Doe responded to Ms. Braham's question about it, provides clarity lacking in Ms. Braham's testimony. *See Bull Dep., 81:7-21.*

No one but Ms. Braham and Ms. Doe witnessed their conversations; only Ms. Braham and Ms. Doe know what was said between the two of them. *Braham Dep., 42:5-43:12; Deposition of Larry Braham ("L. Braham Dep."), 32:6-8.*[4] Ms. Braham also lacks any written record of her allegation that Automated Accounts threatened to garnish her wages. *Braham Dep., 42:19-22.* Ms. Doe, by contrast, documented the November 2, 2009 conversation when it occurred, including Ms. Braham's understanding of

[4] Excerpts attached to Smith Decl. as Exhibit C.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Ms. Doe's answer to her question about garnishment. *See generally Bull Dep., 78:6-82:12;.* To document the conversation, Ms. Doe used a computer program that does not allow alteration or amendment of her notes after she makes them. *Declaration of Scott Milsap in Support of Defendants' Motion for Summary Judgment ("Milsap Decl.").*

On November 2, 2009, after her last conversation with Ms. Doe, Ms. Braham called Ms. Doe's supervisor, Mario Ruiz, while visiting the home of her friend, Tamara Ramm. *Braham Dep., 55:4-56:10; 58:9-59:23; Bull Dep., 15:20-21; Affidavit of Mario Ruiz in Support of Defendants' Motion for Summary Judgment ("Ruiz Aff.").* As he spoke with Ms. Braham, Mr. Ruiz heard a loud male voice in the background telling her that Automated Accounts could not garnish her wages without obtaining a judgment first. *Ruiz Affl.* It was apparent to Mr. Ruiz that the man in the background on Ms. Braham's end of the conversation, whom Mr. Ruiz presumed to be Ms. Braham's husband, Larry Braham, was coaching Ms. Braham. *Ruiz Aff.* Mr. Ruiz heard the man say to Ms. Braham that she had been consistent in making her payments to Automated Accounts, that Automated Accounts had no right to mention garnishment without a judgment in place, and that Ms. Braham knew she had 90 days from any missed payment before legal

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

action could commence against her. *Ruiz Aff.* From what he heard, Mr. Ruiz believed Ms. Braham received correct information about when garnishment could occur on that date from the man speaking to her in the background. *Ruiz Aff.* Following that call, Ms. Ramm tried to reassure Ms. Braham that garnishment could not happen immediately or automatically. *Braham Dep., 58:9-59:23.* She also advised Ms. Braham to seek advice from an attorney. *Braham Dep., 58:12-14.* Ms. Braham at that time knew an attorney who had represented her in a previous matter. *Braham Dep., 17:21-18:8.*

Ms. Braham did not seek the advice of an attorney until January 2010, two months later, when she received a letter from Automated Accounts informing her that her debt remained unpaid. *Braham Dep., 70:7-17.* That letter said nothing about garnishment. *Braham Dep., 50:10-24.*

After the last conversation between Ms. Braham and Ms. Doe, Ms. Braham claims to have suffered emotional distress. *Braham Dep., 49:21-51:1.* Any symptoms of distress stemming from her conversation with Ms. Doe, however, are uncorroborated in the record. Due to Ms. Braham's husband's unemployment, the family faced a general shortage of income in the fall of 2009 unrelated to the Deaconess debt. *L. Braham Dep., 8:11-*

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

*9:8; 10:13-11:16.* Ms. Braham's husband conferred with her once or more per month when paying the family's bills, and he saw her experience stress over bill paying in general—not specifically over the Deaconess debt. *L. Braham Dep., 8:11-9:8; 12:19-13:3.* Indeed, Mr. Braham testified that Ms. Braham's outward appearance showed no unusual symptoms of stress. *See generally L. Braham Dep., 37:12-51:2.* He concedes that a number of factors, including economic troubles unrelated to fears of garnishment, produced the same "worried look" on her face. *L. Braham Dep., 47:25-48:25.* He also confirmed that Ms. Braham never visited a doctor because of her dealings with Automated Accounts. *L. Braham Dep., 54:11-14.*

Despite the lack of support for her claim in the factual record, Ms. Braham brought this action against Automated Accounts and Ms. Doe, alleging they threatened to garnish her wages. *See Complaint, ¶16.* Ms. Doe alleges emotional distress and seeks actual damages, statutory damages, and attorney fees and costs. *Complaint, ¶¶22-25, 33.* Ms. Braham concedes, however, that she will not seek damages relating to credit reporting, even though she has suggested that her damages included difficulty with her credit rating. *Braham Dep., 87:19-93:9, 93:13-16.*

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

The evidence in this case establishes that everything said to Ms. Braham was accurate and lawful, and that Ms. Braham suffered no actual damages. Summary judgment in defendants' favor is therefore proper.

## III. ARGUMENT

### A. Ms. Braham's Uncorroborated and Contradictory Account of the Alleged Garnishment Threat Fails to Create a Genuine Issue of Material Fact.

Federal Rule of Civil Procedure 56(c) requires summary judgment when no genuine issue of material fact exists. Summary judgment is an "integral part of the Federal Rules" and is "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1986) (citations omitted).

The moving party has the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). To avoid summary dismissal, the nonmoving party must go beyond the pleadings and present evidence of specific facts that demonstrate a genuine issue for trial. *Celotex*, 477 U.S. at 323-24, 106 S. Ct. at 2553. Evidence that is merely colorable, or not significantly probative, cannot defeat a motion for summary judgment.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

*Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511. The nonmoving party must set forth specific facts and may not merely rely on the allegations in the pleadings. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 fn.2 (9th Cir. 1996) (citing *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986)).

A plaintiff's own uncorroborated and self-serving testimony does not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("this court has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony"; quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996) and affirming summary judgment for defendants); *see also Law v. Virginia State Lines*, 444 F.2d 990 (D.C. Cir. 1971) (upholding judgment NOV despite plaintiff's self-serving testimony because it was unsupported by other evidence and contradicted by disinterested as well as interested witness); *Washington, Marlboro & Annapolis Motor Lines, Inc. v. Maske*, 190 F.2d 621 (D.C. Cir. 1951), *cert. denied*, 342 U.S. 834, 96 L. Ed. 631, 72 S. Ct. 56 (1952) (reversing judgment for plaintiff because it was supported only by her self-serving testimony which was contradicted by numerous disinterested witnesses and undermined by proof of her earlier

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

statement that the opposite was true). A party also may not create a fact issue by contradicting her own testimony. *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony").

Ms. Braham's claims rely solely on her own testimony, which fails to meet all of the above standards. Ms. Braham admits no one but she and Ms. Doe witnessed the telephone conversation on which Ms. Braham bases her claims. *Braham Dep., 42:5-43:12.* Moreover, Ms. Braham provides contradictory testimony within her own deposition. Where at one point she claims Ms. Doe threatened to garnish her wages, she later admits those were not Ms. Doe's exact words and fails to quote or specify precisely what Ms. Doe said that constituted a threat. *See Braham Dep., 41:19-42:11; 48:21-49:4.* Ms. Doe, by contrast, documented the conversation when it occurred and provides a precise, consistent account of what happened. *See Bull Dep., 78:6-82:12; 81:7-21.*

Ms. Braham's contradictory statements about what Ms. Doe said, coupled with her admissions that Ms. Doe was typically polite and

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

courteous in their telephone conversations,[5] suggest an attempt by Ms. Braham to color the conversation in an unrealistic, self-serving way. Without any other evidence or written record of the garnishment threat on which Ms. Braham bases her claims, she fails to raise a genuine issue of material fact suggesting a violation of the FDCPA. This Court should grant summary judgment for defendants on all of Ms. Braham's claims.

Even if Ms. Braham could produce evidence to corroborate her story, it would not create a genuine issue of material fact as to FDCPA liability. Ms. Braham alleges violation of several sections of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. No factual issue exists to support any of her claims. Defendants address each relevant portion of the FDCPA in turn.

**B. Defendants Did Not Violate 15 U.S.C. § 1692(e) as a Matter of Law Because Defendants Made No Statement to Ms. Braham the Least Sophisticated Consumer Would Find False, Deceptive, or Misleading.**

The FDCPA aims to remedy abusive practices by debt collectors. *Wade*, 87 F.3d at 1099.[6] The Act does not target harmless or innocuous conduct by debt collectors. *Wade*, 87 F.3d at 1099-1100.

---

[5] *Braham Dep., 23:4-15.*

[6] "The purposes of the FDCPA are 'to eliminate abusive debt collection practices by debt collectors, to

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Like most circuit courts, the Ninth Circuit adheres to the "least sophisticated consumer" standard in evaluating FDCPA claims.  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Gonzales v. Arrow Financial Services, LLC*, ___ F.3d ___, 2011 U.S. App. LEXIS 19494, 8-9 fn.2 (9th Cir. 2011) (citing cases); *Wade*, 87 F.3d at 1100.  A debt collector's communication therefore does not violate section 1692e unless it is likely to mislead the least sophisticated consumer.  *Id.*

Though the "least sophisticated consumer" standard is lower than a "reasonable debtor" standard, it still presumes a basic level of reasonableness and understanding on the debtor's part.

> The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."...The standard is "designed to protect consumers of below average sophistication or intelligence," or those who are "uninformed or naive," *particularly when those individuals are targeted by debt collectors*....At the same time, the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care."...The FDCPA does not subject debt collectors to liability for "bizarre," "idiosyncratic," or "peculiar" misinterpretations.

---

insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' 15 U.S.C. § 1692."  *Wade*, 87 F.3d at 1099.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

*Gonzales*, ___ F.3d ___, 2011 U.S. App. LEXIS 19494, 9-10 (citations omitted; emphasis added). Rather than analyzing the individual debtor's subjective understanding, therefore, courts employ an objective analysis to determine whether a debt collector's statement is likely to mislead the least sophisticated consumer. *Donohue*, 592 F.3d at 1033.[7]

In the Ninth Circuit, unlike other circuits, a debt collector's liability under 15 U.S.C. § 1692e is an issue of law, not an issue of fact. *Gonzales v. Arrow Financial Services, LLC*, ___ F.3d ___, 2011 U.S. App. LEXIS 19494, 8 (9th Cir. 2011). This Court may therefore properly decide whether Automated Accounts violated that provision on a motion for summary judgment.

Ms. Braham alleges defendants violated section 1692e(4), 1692e(5), and 1692e(10) of the FDCPA when Ms. Doe answered Ms. Braham's

---

[7] The Court explained:

> We agree with the approach adopted by the Sixth and Seventh Circuits. We have consistently held that whether conduct violates §§ 1692e or 1692f requires an objective analysis that considers whether "the least sophisticated debtor would likely be misled by a communication." *Guerrero*, 499 F.3d at 934 (internal quotation marks omitted) (stating this standard applies to §§ 1692d, 1692e, and 1692f); *see Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1099-1100 (9th Cir. 1996); *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988).

*Donohue*, 592 F.3d at 1033.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

question about garnishment. *See Complaint, ¶21.* The relevant portions of that section provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. According to the plain language of these provisions, Ms. Braham cannot sustain her claim without evidence that defendants made a false, misleading, or deceptive statement or threatened legally impermissible action defendants did not intend to take. True statements do not violate this section. *See, e.g., Wade*, 87 F.3d at 1100 (affirming District

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Court's rejection of FDCPA claim where written notice contained no false information).

As subsections (4) and (5) of this statute provide, if the debt collector references action it can legally take and that it intends to take, no violation of the FDCPA occurs. *See, e.g., Bieber v. Associated Collection Services, Inc.*, 631 F. Supp. 1410, 1416 (D. Kan. 1986) (no violation where threatened lawsuit was filed). It does not matter whether the debt collector or its client takes the threatened action.

> …the § 1692e(5) issue is simply whether or not the debt collector *intended* to take the action threatened. Thus, subsection (5) requires proof of a fact which amounts to a per se violation of § 1692e. In this case, there has been no violation of subsection (5) because the threatened action -- filing of a lawsuit -- has been taken by defendant's client. It makes no difference that the hospital filed the suit rather than ACS.

*Id.* at 416 (emphasis in original).

Ms. Doe said nothing the least sophisticated consumer could find false, deceptive, or misleading, nor did Ms. Doe refer to any illegal or unintended action. Ms. Doe told Ms. Braham she intended to start the "legal process" to collect Ms. Braham's debt. *Bull Dep., 78:6-14.* Ms. Doe did this by requesting assignment of the debt, the first step in Automated

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Accounts' legal process. *Bull Dep., 79:13-24.* Ms. Doe did what she said she would do. Her statement was true.

When Ms. Braham questioned Ms. Doe about whether garnishment was part of the "legal process," Ms. Doe answered, to the best of her knowledge, she believed it was. *Bull Dep., 81:7-21.* This, too, was true. Importantly, Ms. Doe did not say Automated Accounts would garnish Ms. Braham's wages, nor did she specify any time at which garnishment might occur. *Bull Dep., 101:21-102:4.* What Ms. Doe did say was correct. Washington law allows garnishment, and legal action taken against a debtor may therefore result in garnishment. *See generally RCW Chapter 6.27.* It would have been perfectly legal to obtain a judgment against Ms. Braham and seek garnishment to collect it. In her good faith attempt to answer Ms. Braham's question, Ms. Doe neither said nor implied anything illegal, unintended, false, deceptive, or misleading.

In addition, Ms. Braham's apparent misunderstanding of the legal process—namely her alleged belief that garnishment could happen at any time—is not reasonable on these facts. Both Ms. Braham's husband and good friend tried to reassure her garnishment could not be done

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

immediately or automatically. *See Ruiz Decl., Braham Dep., 58:9-59:23,* Such measured advice should temper the fears of a reasonable consumer.

No genuine issue of material facts exists to support a finding that defendants violated FDCPA section 1692e. Summary judgment on plaintiff's claim under this section is proper.

**C. Defendant Did Not Violate 15 U.S.C. § 1692f as a Matter of Law Because Defendants Used No Unfair or Unconscionable Means to Collect a Debt from Plaintiff.**

Ms. Braham alleges defendants violated section 1692f of the FDCPA. *See Complaint, ¶21.* As with section 1692e, courts use the "least sophisticated consumer" standard to determine whether a debt collector violates section 1692f of the FDCPA. *Donohue*, 592 F.3d at 1033; *Gonzales*, ___ F.3d ___, 2011 U.S. App. LEXIS 19494, 8. That section prohibits using "unfair or unconscionable" means to collect a debt.

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. 1692f.[8] Factual communications, including communications that contain warnings to the consumer, are not unfair or unconscionable and do not violate this section. *See, e.g., Wade*, 87 F.3d at 1100 (finding written notice of possible damage to the consumer's credit rating "innocuous" and

[8] Section 1692f goes on to list a number of specific violations, none of which apply here. *See* 15 U.S.C. 1692f.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

rejecting claim under section 1692f, even though debt collector may have violated state law).

Everything Ms. Doe said was accurate and legal. When Ms. Braham missed a payment in late 2009, Ms. Doe informed Ms. Braham she intended to begin Automated Accounts' legal process to collect Ms. Braham's debt, then answered Ms. Braham's question about garnishment truthfully and to the best of her knowledge. *Bull Dep., 78:6-14; 81:7-21.* Such statements hardly constitute "unfair or unconscionable" means of collecting Ms. Braham's debt, especially given Ms. Doe's initial efforts to help Ms. Braham make a payment plan and her patience when Ms. Braham first began making late payments. No evidence establishes any conduct by defendants that the least sophisticated consumer could consider "unfair or unconscionable." The Court should grant summary judgment on Ms. Braham's claim under this section.

**D. Defendant Did Not Violate 15 U.S.C. § 1692d as a Matter of Law Because Defendants Did Not Engage in Harassing or Abusive Conduct Toward Plaintiff.**

While Ms. Braham does not specifically allege a violation of 15 U.S.C. § 1692d, she does allege violation of "numerous and multiple provisions of the FDCPA" and follows that with a nonexclusive list of sections violated.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

*See Complaint, ¶21.* It is therefore not clear whether Ms. Braham intends to allege violation of this section. If she does, however, her claim has no merit.

Section 1692d prohibits harassment or abuse of a debtor.

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3) [604(a)(3)] of this Act [15 USCS § 1681a(f) or 1681b(a)(3)].
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 804 [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Though this list of examples is not exclusive, it illustrates a statute aimed at prohibiting extreme and repetitive conduct. Facts that create a genuine, material issue under this section typically involve repeated threats and defiance of the debtor's express wishes. *See, e.g., Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994) (finding issue of fact under 15 U.S.C. § 1692d where debt collector made repeated threatening and intimidating calls to debtor, including one at debtor's workplace after two requests by debtor not to call her there).

The undisputed facts of this case fail to support a claim under 15 U.S.C. § 1692d. Ms. Braham concedes Ms. Doe was polite on the telephone. *Braham Dep., 23:4-15; 28:12-17.* Ms. Doe mentioned garnishment only in an attempt to answer Ms. Braham's question about the subject. *Bull Dep., 81:7-21.* She did not make threats, use profanity, or make repeated, unwanted telephone calls. If Ms. Braham means to allege abuse or harassment under section 1692d, the Court should grant defendants summary judgment on that claim.

**E. Plaintiff's Uncorroborated Testimony About Emotional Distress Fails to Raise a Genuine Issue of Material Fact that She Is Entitled to Damages for Emotional Distress.**

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

Ms. Braham alleges she suffered emotional distress because of defendants' actions. *See Complaint, ¶¶22-25.* While the FDCPA allows damages for emotional distress, "unsupported self-serving testimony by a plaintiff is not sufficient" to support emotional distress damages. *Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069, 1073, 1077-80 (E.D. Cal. 2007) (granting partial summary judgment in defendant's favor on plaintiff's claim for emotional distress damages under the FDCPA). Some courts require plaintiffs to meet state law standards for an emotional distress claim under the FDCPA, while others apply a lower standard. *Costa*, 634 F. Supp. 2d at 1077-80.[9] Under both standards, however, a plaintiff must submit more than evidence of "transitory symptoms" to recover emotional distress damages. *Costa*, 634 F. Supp. 2d at 1079-80. This requires some corroborating evidence beyond the plaintiff's word.

> Here, the only evidence of plaintiff's emotional distress is her own testimony, and this evidence demonstrates that her alleged emotional distress was transitory in nature and of the type not recoverable under the FDCPA. While plaintiff is correct that she is not required to present expert testimony in support of her claim,...she fails to acknowledge that she cannot rely solely on her uncorroborated testimony to establish emotional distress....Indeed, she has no corroborating evidence--no witnesses to confirm her symptoms and no documentary evidence to support her claims. Without such

[9] The Ninth Circuit has not ruled on the issue. *Costa*, 634 F. Supp. 2d at 1077-78.

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

evidence to buttress her assertions, plaintiff's claims cannot go forward.

*Costa*, 634 F. Supp. 2d at 1080 (citations omitted).

Ms. Braham's uncorroborated testimony does not support an emotional distress claim. While Ms. Braham describes emotional distress in her testimony, her husband, Mr. Braham, testified that Ms. Braham showed no more than her usual symptoms of stress. *See generally L. Braham Dep., 37:12-51:2; 54:11-14.* Mr. Braham further explains that Ms. Braham's distress stemmed mainly from the family's general income shortage, a situation obviously not caused by the Deaconess debt. *L. Braham Dep., 8:11-9:8; 10:13-11:16.*

Ms. Braham lacks evidence to corroborate her claim of emotional distress. Given this lack of the required corroborating evidence, this Court should rule that Ms. Braham cannot, as a matter of law, recover damages for emotional distress.

## IV. CONCLUSION

Ms. Braham's uncorroborated testimony cannot sustain her FDCPA claims. Ms. Braham bases her claims on shaky ground to begin with—a single mention of garnishment made in a single telephone conversation—



THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238

and offers only her own vague, contradictory testimony to support them. Her testimony, by itself, does not create a triable issue of fact.

Even the Court takes Ms. Braham's uncorroborated testimony as true, it provides no evidence of any FDCPA violation. Defendants made no false, deceptive, or misleading statements, nor did they claim they would do anything unlawful or that they did not intend to do. Even the least sophisticated consumer could not reasonably consider defendants' conduct unfair, unconscionable, abusive, or harassing. Summary judgment on all of plaintiff's claims is warranted.

RESPECTFULLY SUBMITTED this 16th day of December , 2011.

Respectfully submitted,

s/ Thomas M. Smith

Thomas M. Smith, WSBA #0687
Attorney at Law
PO Box 1360
Spokane WA 99210
Phone: (509) 327-9902
Fax: (509) 327-6238
Email: tmilby@thomasmsmithattorney.com
Counsel for Defendants

CERTTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kirk D. Miller: kmiller@millerlawspokane.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM\ECF participant: n/a

/s/ Thomas M. Smith

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
SPOKANE, WASHINGTON 99210
509-327-9902/1-800-621-1969
FX 509-327-6238