Kirk D. Miller
Kirk D. Miller, P.S.
211 E Sprague Avenue
Spokane, WA  99202
(509)413-1494 Telephone
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARLA BRAHAM,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AUTOMATED ACCOUNTS, INC, a Washington Corporation , and MICHELLE DOE and JOHN DOE, husband and wife and the marital community comprised thereof.<br><br>　　　　　　Defendants. | Case No.: CV-10-385-EFS<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

1. Plaintiff's Fact #1: Contrary to Defendants' fact # 10, Ms. Braham did not "acknowledge Ms. Doe's politeness on the telephone" in any general sense. Rather, Ms. Braham's was referring specifically to the telephone call initially

received from Ms. Bull in late 2008 and was not generalizing to every phone call with Ms. Bull. Ms. Braham clarified that Ms. Bull used "manners" but that Ms. Bull wrongly accused her of lying and "was very short". (Braham Dep. 23:4-15; 36:4-22.)

2. Plaintiff's Fact #2: Contrary to Defendants' fact # 3, Ms. Braham did not "decline[] to pay the bill". Ms. Braham initially believed that she was not obligated to pay the hospital bill but agreed to make payments as soon as she was contacted by the Defendants. (Braham Dep. 24:19-25; 25:1-23.) Despite trying economic hardship and challenging life circumstances, the Plaintiff made a decided effort to pay the Defendant every month as agreed. (Braham Dep. 28:18-25; 29:1-25; 30:1-25.)

3. Plaintiff's Fact #1: Contrary to Defendants' fact # 5, Automated Accounts, Inc. has been sued multiple times in the Eastern District of Washington for violating the Fair Debt Collection Practices Act, including at least one class action settled by the Defendant. *See CS-99-0270-EFS in the Eastern District of Washington.*

4. Plaintiff's Fact #1: Contrary to Defendants' fact # 6 Automated Accounts has been sued multiple times in the Eastern District of Washington for violating the Fair Debt Collection Practices Act, including at least one class action

settled by the Defendant. *See CS-99-0270-EFS in the Eastern District of Washington.*

5. Plaintiff's Fact #1: Contrary to Defendants' fact # 14, Ms. Bull never disclosed to Plaintiff that she "does not know precisely what happens after a claim is sent to the legal department". *See Generally Braham Depo. And Bull Depo.* However, Ms. Bull did specifically threaten Ms. Braham that Automated Accounts was going to garnish her wages, despite the fact that Automated did not have a judgment or even a pending lawsuit against Ms. Braham. (Braham Depo. 34:7-24.)

6. Plaintiff's Fact #1: Contrary to Defendants' fact # 15, when asked by Ms. Braham what "legal process" means, Ms. Bull provided the legal advice to Ms. Braham that "legal process" means garnishing Ms. Braham's wages. (Braham Depo., 35:7-19.) Also, Defendants' Statement of Fact #15 directly conflicts with Defendants' Statement of Fact #39.

7. Plaintiff's Fact #1: Contrary to Defendants' fact #15, the "process of legal action" referred to by the Defendants in fact #15 refers only to an internal policy at Automated Accounts, Inc. It is not necessarily related to "commencing an action" as the term is defined by FRCP 4.

8. Plaintiff's Fact #1: Contrary to Defendants' fact # 18, regardless of Ms. Bull's familiarity with "steps or procedures," when asked by Ms. Braham what "legal

process" means, Ms. Bull advised Plaintiff that "legal process" means garnishing Ms. Braham's wages. (Braham Depo. 35:7-19.)

9. Plaintiff's Fact #1: Contrary to Defendants' fact # 22, in November 2009, Ms. Bull told Ms. Braham that she was going to garnish Ms. Braham's wages.

10. Plaintiff's Fact #1: Contrary to Defendants' fact # 23, in the November 2009 conversation between Ms. Braham and Ms. Bull, Ms. Bull did "mention garnishment". (Braham Dep. 34:14-21.)

11. Plaintiff's Fact #1: Contrary to Defendants' fact # 25, Plaintiff's acknowledgement that "Michelle was courteous" was in response to a question that was unrelated to the November 2, 2011 conversation in which Ms. Bull threatened to garnish the Plaintiff's wage. (Braham Dep. 27:22-28:17.)

12. Plaintiff's Fact #1: Contrary to Defendants' fact # 26, Plaintiff's testimony that she "received a letter each month from Automated Accounts" was in response to a question encompassing a specific period of time. Plaintiff did not received a letter each month indefinitely. (Braham Dep. 27-29.)

13. Plaintiff's Fact #1: Contrary to Defendants' fact # 27, Plaintiff called Automated Accounts, Inc. when she was unable to make a payment on a

PLAINTIFF'S RESPONSE TO
DEFENDANTS' STATEMENT OF FACTS
IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT  -4

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

previously agreed date and agree to pay by a later agreed date.  (Braham Dep. 30:1-4.)

14. Plaintiff's Fact #1: Contrary to Defendants' fact # 29, in October, 2009, Ms. Braham authorized Automated Accounts Inc. to withdraw money from her bank account.  Ms. Braham had timely deposited adequate funds in her bank for withdrawal by Automated Accounts, Inc. but the payment did not clear because the bank held the funds in a "pending" status. (Braham Dep. 31.)

15. Plaintiff's Fact #1: Contrary to Defendants' fact # 32, Plaintiff generally denies this allegation as it is subjective, inconsistent with Ms. Braham's testimony, and provides no context.  (Braham Dep.)

16. Plaintiff's Fact #1: Contrary to Defendants' fact # 33, the statements by Ms. Bull and Ms. Braham in their November 9, 2009 conversation are found at Braham Dep. 34:14-21.

17. Plaintiff's Fact #1: Contrary to Defendants' fact # 37, the statements by Ms. Bull and Ms. Braham in their November 9, 2009 conversation are found at Braham Dep. 34:14-21.

18. Plaintiff's Fact #1: Contrary to Defendants' fact # 38 the statements by Ms. Bull and Ms. Braham in their November 9, 2009 conversation are found at Braham Dep. 34:14-21.

19. Plaintiff's Fact #1: Contrary to Defendants' fact # 39, Defendants' Statement of fact #39 directly conflicts with Defendants' Statement of Fact #15

20. Plaintiff's Fact #1: Contrary to Defendants' fact # Defendants' Statement of fact #42 directly conflicts with Defendants' Statement of Fact #15.  However, Plaintiff admits that "Ms. Doe did her best to correctly answer Ms. Braham's concern in so much as she advised Ms. Braham that she intended to garnish Ms. Braham's wages. (Braham Dep. 34:14-21.)

21. Plaintiff's Fact #1: Contrary to Defendants' fact # 43, it directly conflicts with Defendants' fact # 15 and 16.  Further, Ms. Bull would not "have been lying" to Ms. Braham if she would have stated that she "does not know precisely what happens after a claim is sent to the legal department" (Defendants' Fact #14; Bull Dep., 93:15-94:22) or referred the call to Automated Accounts' legal department (Defendants' Fact #15; Bull Dep. 42:18-22).

22. Plaintiff's Fact #1: Contrary to Defendants' fact # 45 the statements by Ms. Bull and Ms. Braham in their November 9, 2009 conversation are found at Braham Dep. 34:14-21.

23. Plaintiff's Fact #1: Contrary to Defendants' fact # 47, Plaintiff was responding to a question from Defense counsel, wherein counsel misstated Ms. Bull's words to the Plaintiff.  (Braham Decl. ¶ 16.)

24. Plaintiff's Fact #1: Contrary to Defendants' fact # 51, although there is a record of the November 2, 2009 conversation, it is not completely or accurately recorded. (Braham Dep. 34:14-21.) Furthermore, the record does not describe Ms. Braham's understanding of Ms. Bull's comments.

25. Plaintiff's Fact #1: Contrary to Defendants' fact # 69, Mr. Braham testified regarding Ms. Braham being unusually upset after her phone conversation with Ms. Bull on November 2, 2009. (See Larry Braham Dep. 44:8-18.)

26. Plaintiff's Fact #1: Contrary to Defendants' fact # 70, Mr. Braham testified regarding Ms. Braham being unusually upset after her phone conversation with Ms. Bull on November 2, 2009. (See Larry Braham Dep. 44:8-18.)

27. Plaintiff's Fact #1: Contrary to Defendants' fact # 72, Ms. Braham will not seek damages relating to credit reporting at trial on this matter and as a result of Automated Account' credit reporting as of September 20, 2011. (Braham Dep. 93.)

Dated the 6th day of January, 2012.

***Kirk D. Miller, P.S.***

/s/ Kirk Miller
Kirk D. Miller
WSBA # 40025
Attorney for Plaintiff

PLAINTIFF'S RESPONSE TO
DEFENDANTS' STATEMENT OF FACTS
IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT  -7

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

<u>CM/ECF</u>

I hereby certify that on the 6th day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Thomas Milby Smith    tmilby@thomasmsmithattorney.com

Kirk Miller    kmiller@millerlawspokane.com

*Kirk D. Miller, P.S.*

s/Kirk D. Miller
Kirk D. Miller
WSBA # 40025
Attorney for Plaintiff
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
Fax: (509) 413-1724
kmiller@millerlawspokane.com