Kirk D. Miller
Kirk D. Miller, P.S.
211 E Sprague Avenue
Spokane, WA  99202
(509)413-1494 Telephone
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARLA BRAHAM,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AUTOMATED ACCOUNTS, INC, a Washington Corporation , and MICHELLE DOE and JOHN DOE, husband and wife and the marital community comprised thereof.<br><br>　　　　　　Defendants. | Case No.: CV-10-385-EFS<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## INTRODUCTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Michelle Bull and Automated Accounts have filed a motion for summary judgment

Case 2:10-cv-00385-EFS   Document 36   Filed 01/06/12

asserting that Ms. Bull's statements to the Plaintiff threatening garnishment of the Plaintiff's wages did not violate the Fair Debt Collection Practices Act (codified as amended at 15 U.S.C. §§ 1692-1692p) [hereinafter "FDCPA"].

Defendants are wrong; it has violated the FDCPA in the following ways, as alleged in plaintiff's complaint:  (1) By representing or implying that nonpayment of any debt will result in the garnishment of the lease sophisticated consumer's wages when no such action could lawfully be taken; (2) by threatening the least sophisticated consumer with taking an action that cannot legally be taken or that is not intended to be taken; and (3) by using unfair or unconscionable means to collect or attempt to collect [a] debt.  These acts by the defendants constitute violations of 15 USC §§ 1692e(4), 1692e(5), and 1692f, respectively. Accordingly, Plaintiff requests that the Court deny Defendants' motion for summary judgment, as Defendants' actions violated the FDCPA.

## BACKGROUND

In 2008, Plaintiff was injured at her workplace and was treated at Deaconess Hospital emergency room. (Braham Dep. 21:10-23:2.)  Sometime thereafter, Plaintiff was contacted by Defendant Michelle Bull[1] on behalf of Defendant

---

[1] Michelle Bull is the real name of Michelle Doe who is named in the Complaint.  Ms. Bull's true name was ascertained after the Complaint was filed.

Automated Accounts, Inc. in an attempt to collect the medical bill. (Bull Dep. 78:6-14.) After making agreed payments to the Defendants for several months, on November 2, 2009, a scheduled automatic payment to Defendants did not clear the Plaintiff's bank. This was due to the now undisputed fact that funds which had been deposited by the Plaintiff were held by the bank in "pending status". (Braham Decl. ¶ 10-13.) On November 2, 2009, after speaking with her bank, Plaintiff explained to Defendant Bull what had happened to the scheduled payment. (Braham Decl. ¶ 11.) Defendant Bull then wrongfully accused the Plaintiff of lying to her. (Braham Decl. ¶ 12.) Ms. Bull stated to Plaintiff that she had discussed the matter with her supervisor and that Defendants were going to start the process of garnishing the Plaintiff's wages. (Braham Dep. 34:15-21.) Defendant Bull initiated the topic of garnishment and, when further questioned by the Plaintiff what she meant, Defendant Bull proceeded to reiterate that she was going to start the "legal process" of garnishing the Plaintiff's wages. *Id.* At no time has any Defendant herein obtained a judgment against the Plaintiff or otherwise possessed any legal right to garnish the Plaintiff's wages. Defendant Bull's statements caused the Plaintiff emotional distress. (Braham Decl. ¶ 20.) This action against Defendants for Ms. Bull's illegal threat, pursuant to 15 USC § 1692, et seq. was thereafter timely commenced.

Ms. Bull tells a slightly different uncorroborated, but materially indistinct version of events. She states that the conversation regarding garnishing the Plaintiff's wages was initiated by the Plaintiff. (Bull Dep. 80:11-16.) In her version of events, Ms. Bull admits that she told the Plaintiff that the Defendants had decided to "start the legal process". (Bull Dep. 81:12-14.) When she made this comment, Defendant Bull testifies she meant that she was going to request an assignment of the account from the creditor – an internal procedure carried out by debt collectors such as Ms. Bull at Automated Accounts, Inc. (Bull Dep. 82:10-15.) Thereafter, when the Plaintiff asked her if the "legal process" she just mentioned means garnishing her wages, Defendant Bull told her that it does. (Bull Dep. 81:22-82:5.) Defendant Bull justifies her statement only by pointing out that she is technically correct as garnishment is part of a "legal process," just not the same "legal process" that she had previously referenced to the Plaintiff. (Bull Dep. 82:6-9.) Defendants now argue that because Defendant Bull's statement was technically truthful under one possible interpretation of her statement, that she could not have violated the FDCPA. ECF No. 27 at 18:21-22. Defendants are wrong.

## LEGAL STANDARD

A. Standard for Summary Judgment

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT
-4

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

48, 106 S. Ct. 2505, 2509-10, 91 L. Ed. 2d 202 (1986).  Substantive law defines which facts are material and only disputes over facts that might affect the outcome of the case will defeat summary judgment.  *Id.* at 248, 106 S. Ct. at 2510.  A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." *Id.*  Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movant has met their burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" to prevent its entry.  *Matsushita Electric Indus. Co. v. Zenith Radio*, 475 U.S. 547, 586-87, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986).

Defendants cite to a line of cases beginning with *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1059 (9th Cir. 2002) in support of the proposition that Plaintiff's own testimony about her conversation with Defendant Bull is "uncorroborated", "self-serving" and otherwise insufficient evidence to avoid the Court granting Defendants' Motion for Summary Judgment.  Defendants misstate the law.  In fact, the analysis of a similar situation was specifically analyzed and rejected by the ninth circuit.

In *S.E.C. v. Phan*, 500 F.3d 895, 910 (9th Cir. 2007), the Court, distinguishing the facts before it from those present in *Villiarimo,* stated:

> The declaration [in *Villiarimo*] in question included facts beyond the declarant's personal knowledge and "provide[d] no indication how she knows [these facts] to be true." *Id.* at 1059 & n. 5, 1061. Phan's and Yang's declarations do not have a similar defect, as they involve the declarant's own actions. The personal actions of Phan and Yang are central to Wu's obligation to repay Hartcourt for the stock, especially as the record shows that Wu was basically a figurehead rather than an independent actor.
>
> *Moreover, it is unremarkable that the defendants could not otherwise corroborate their personal conversations. That is likely to be the case regarding most conversations between two people, and does not disqualify either participant from testifying about the interchange- subject, of course, to a credibility determination by the finder of fact.* The district court was thus wrong to disregard the declarations as "uncorroborated and self-serving."

*S.E.C. v. Phan*, 500 F.3d 895, 910 (emphasis added)

In *S.E.C.*, as here, the testimony to which the Defendants object is the Plaintiff's testimony regarding a conversation between herself and Defendant Bull, and her explanation of the emotional distress she suffered as a result of that conversation. Ms. Bull and Ms. Braham were the only parties to the conversation in question. ECF No. 26 ¶ 49. Neither the Plaintiff's testimony regarding her conversation with Defendant Bull nor her testimony regarding her emotional distress requires independent corroboration. The Court should therefore consider the Plaintiff's testimony.

There is a dispute as to the precise language used by Defendant Bull in her exchange with the Plaintiff. Whereas the Plaintiff states that Ms. Bull explicitly told her that her wages would be garnished (Braham Dep. 34:14-21.), Ms. Bull acknowledges the verbal exchange but testifies that her comments regarding garnishing the Plaintiff's wages were less direct. ECF No. 29 ¶ 2-4; ECF 26 ¶ 30-44.

In an attempt to discredit the Plaintiff, Defendants' make a meritless comment based solely on an out of context deposition excerpt. Defendants argue that Plaintiff has admitted she does not know what words Ms. Bull used during the conversation. ECF No. 26 ¶ 46-47. Defendants claim that the Court should use this excerpt as a basis to, not only weigh credibility of the witnesses, but to exclude the Plaintiff's testimony all together. ECF No. 27 at 13-15, 25-27. Approximately fourteen (14) pages of deposition testimony after the Plaintiff had finished testifying to what was said during her telephone conversation with Ms. Bull, Defendants' counsel attempted to get Ms. Braham to agree that Ms. Bull had used a particular phrase during her conversation with Ms. Braham. (Braham Dep. 49:4.) Ms. Braham responded to Defense counsel that Defense counsel's words "are not the exact words." *Id.* (see also: Braham Decl. ¶ 16.)

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT
-7

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

The parties agree that at no time did the defendants have any right to garnish the Plaintiff's wages. ECF No. 4 at 5.   It is the Plaintiff's position that even the language *admittedly* used by Ms. Bull is a violation of the FDCPA, and has accordingly also moved this Court for Summary Judgment.  If the Court disagrees with Plaintiff's assertion, however, then a genuine issue of material fact still exists with respect to the precise language used by Ms. Bull in her verbal exchange with the Plaintiff.

"Specifically, Local Rule 56.1 requires the moving party to provide 'a statement of material facts as to which the moving party contends there is no genuine issue.'" *Raube v. American Airlines, Inc.*, 539 F. Supp. 2d 1028, 1031 (quoting: *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir.2004).   "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised.  Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of 'even handed justice.'" *Poller v Columbia Broadcasting* (1962) 368 U.S. 464, 473, 82 S.Ct. 486 491.  Defendant's urge the court to fully disregard the Plaintiffs' testimony.  This is a premise that is wholly inappropriate for the purposes of summary judgment.

/////

/////

### B. The "Least Sophisticated Debtor" Standard Is Used to Analyze Violations of the FDCPA

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§ 1692d, 1692e, and 1692f.

The U.S. Court of Appeals for the Ninth Circuit has held that whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of [statements by debt collectors] preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."

*U.S. v. Nat'l Fin. Serv.*, 98 F.3d 131, 136 (4th Cir. 1996) (citations omitted); *see also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter").

"As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff." *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *see also Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, *supra* at 33; *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, *supra*, at 62; *Clomon v. Jackson*, *supra*, at 1318. Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA. *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, *supra*, at 777.

Whether the Defendants violated the FDCPA must be evaluated from the standpoint of the least sophisticated debtor.  Here, although it is irrelevant to the Court's determination of whether or not the Defendants violated the FDCPA, Plaintiff has testified that she was *actually deceived* by the communication at issue (Braham Decl. at 4.) and Defendants essentially concede that this Plaintiff is more sophisticated than the "least sophisticated debtor".  ECF No. 26 at 12.  Since a person who is more sophisticated than the legal standard requires was actually deceived by the debt collector's communication, the Court should find as a matter of law that the communication is deceptive and therefore deny Defendant's Summary Judgment Motion.

## III. ARGUMENT

A. <u>Defendants Violated 15 USC §1692e(4)(5) and (10)</u>

In relevant part, 15 USC §1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>  **(4)** The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
-11-

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

As stated above, whether a communication is false, deceptive, or misleading is determined from the perspective of the "least sophisticated debtor". *See Swanson, Supra*. "Under this test, a statement is false or misleading if "it can be reasonably read to have two or more meanings, one of which is inaccurate." *Goodrow v. Friedman & MacFadyen, P.A.,* 788 F. Supp. 2d 464, 472 (E.D. Va. 2011)(citing: *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir.2006) (citation omitted)); See also: *Kistner v. Law Offices of Michael P. Margelefsky*, LLC, 518 F.3d 433, 441 (6th Cir. 2008) .

The fact that a statement may be technically truthful if considered in a specific context is irrelevant.  The case cited by the Defendants, *Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098 (9th Cir. 1996) in support of this position is not on point and does not, as Defendants claim, hold that technical truth is a shield to a claim of deception under the FDCPA.   Rather, "The test requires a court to consider a statement's 'capacity ... to mislead,' such that 'evidence of actual deception is unnecessary.'" *Id*.  (citing: *Nat'l Fin. Servs.,* 98 F.3d at 139). Whether there is truth in one possible context of the statement is irrelevant to a finding of liability under the FDCPA.

In their memorandum in support of summary judgment on the issue of whether Defendants violated 15 USC §1692e, Defendants set forth only the self-serving, paraphrased, testimony of Automated Accounts, Inc.'s own employees.  It wholly ignores the Plaintiff's deposition testimony which states that Defendant Bull unequivocally threatened to garnish her wages – an action that Ms. Bull could not legally take and had no intention of taking, and that indisputably violates 15

USC §1692e.  While Plaintiff argues that even the statements Ms. Bull admits to telling the Plaintiff violate the FDCPA, simply considering the evidence in the light most favorable to the Plaintiff, the Defendants' motion on this issue must be denied.

B. <u>Defendants violated 15 USC 1692d</u>

In relevant part, 15 USC §1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

On November 2, 2009, after the Plaintiff informed Defendant Bull that she had deposited funds in her bank account and that her bank had informed her that the funds were in a "pending status," Ms. Bull accused the Plaintiff of lying to her. (Braham Dep. 32:14-19.)  Nothing in the record indicates that Ms. Braham had been in any way untruthful with Ms. Bull in the past and Ms. Bull provides no basis for her highly offensive statement.

Plaintiff agrees with Defendants that a determination of whether the "natural consequence" of a debt collector baselessly accusing a consumer of lying is a violation of 15 USC §1692d can be determined as a matter of law.  It is.  In *Chiverton v. Fed. Fin. Group, Inc.,* 399 F. Supp. 2d 96, 101 (D. Conn. 2005), the Court found that "The defendant violated § 1692d(2) by calling [the Plaintiff] a 'liar.'"  In so holding, court in Chiverton cited to the *Federal Trade Commission, Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed.Reg. 50097, 50105 (1988) noting: "Abusive language includes religious slurs, profanity, obscenity, calling the consumer a liar or a deadbeat, and the use of racial or sexual

epithets." See also: *Moore v. Firstsource Advantage, LLC*, 07-CV-770, 2011 WL 4345703 (W.D.N.Y. Sept. 15, 2011)(" The use of abusive language by a debt collector, including calling a debtor a "liar," can constitute harassment in violation of the FDCPA"); *Nelson-McGourty v. L & P Fin. Adjusters Inc.*, 08-CV-2849, 2010 WL 3190711 (N.D. Ill. Aug. 12, 2010).

Accordingly, the Court, should therefore deny Defendants' Motion on this basis.

C. <u>Plaintiff is Entitled to Emotional Distress Damages</u>

In their motion for summary judgment, Defendants incorrectly argue that Plaintiff cannot maintain a claim for emotional distress damages under the FDCPA by testifying about her emotional distress experienced as a result of the debt collector's actions. Defendants rely on a single unpublished case to support its position. *Costa v. Nat'l Action Fin. Servs.,* Case No. S05-2084, 2007 WL 4526510 (E.D.Cal. Dec.19, 2007) (Damrell, J.). The Ninth Circuit has not ruled on the issue although, other district courts have disagreed with *Costa* and held that emotional distress damages are available under the FDCPA so long as the Plaintiff tenders evidence substantiating that she suffered emotional distress as a result of the defendant's FDCPA violations. *See Panahiasl v. Gurney,* Case No. 04-04479, 2007 WL 738642 (N.D.Cal. Mar.8, 2007); *see also Boris v. Choicepoint Servs., Inc.,* 249 F.Supp.2d 851 (W.D.Ky.2003).

"The FDCPA's drafters were greatly concerned about emotional harms inflicted by abusive debt collectors." *Davis v. Creditors Interchange Receivable Mgmt., LLC,* 585 F. Supp. 2d 968, 972-77 (N.D. Ohio 2008). "The Congressional findings note that abusive debt collection causes "marital instability" and "invasions of individual privacy" along with economic harms like "personal bankruptcies" and 'loss of jobs.'" *Id.* (*citing*: 15 U.S.C. § 1692(a)). "The Senate Committee noted that abusive debt collectors cause 'suffering and anguish.'" *Id.* (*citing*: S. Rep. 95-382, at 2, *U.S.Code Cong. & Admin.News* 1977, pp. 1695, 1696.). The Committee expressed concern about practices that take a primarily emotional toll…*Id.*

In *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1314-16 (E.D. Cal. 2009), the Court held:

> Under the FDCPA, the plaintiff may recover for "any actual damage sustained" as a result of the violations. 15 U.S.C. § 1692k(a)(1). In considering the proof required to substantiate a damage award for violations of the FDCPA, courts have noted the statute's similarity to the Fair Credit Reporting Act (FCRA). *See Costa,* 2007 WL 4526510 at *7; *Panahiasl,* 2007 WL 738642 at *1-2; *Smith v. Law Offices of Mitchell N. Kay,* 124 B.R. 182, 185 (D.Del.1991). Like the FDCPA, the FDRA [sic] has the purpose of protecting consumers from unfair practices. *See* 15 U.S.C. § 1681 (FCRA statement of purpose). The damages provision of the FCRA is virtually identical to that of the FCDPA, providing that a person who negligently or willfully fails to comply with the provisions of the statute is liable for "any actual damages sustained by the consumer." 15 U.S.C. §§ 1681n, 1681o; *see also* 15 U.S.C. § 1692k(a)(1) (damage provision of the FDCPA). The

Ninth Circuit has held that "actual damages" under the FCRA includes recovery for "emotional distress and humiliation." *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir.1995). In reaching this conclusion, it relied on decisions of the Fifth and Eighth Circuits Courts of Appeals, which had held that emotional distress damages were compensable under the FCRA upon plaintiff's showing that he actually suffered symptoms of emotional distress. *Id.,* citing *Johnson v. Dep't of Treasury, I.R.S.,* 700 F.2d 971 (5th Cir.1983) and *Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d 829 (8th Cir.1976). The court can find no reason why the same standard would not apply to the damages provision of the FDCPA. Both statutes have similar purposes and both include identical provisions regarding a plaintiff's recovery for actual damages. In holding that the plaintiff must prove the elements of an intentional infliction of emotional distress claim under California law in order to recover for emotional distress damages, the *Costa* court reasoned that "the FDCPA expressly requires to recover above and beyond statutory damages, definable actual damages." *Costa,* 2007 WL 4526510 at *8; *see also Bolton,* 2009 WL 734038 at *9-10 (citing same). However, the FCRA has the same requirement and the Ninth Circuit held that this standard is met simply by plaintiff tendering evidence of his actual emotional distress, without incorporating the state law's tort elements. *See Guimond,* 45 F.3d at 1333.

Moreover, under the FDCPA, the defendant's subjective intent is not a necessary element for the plaintiff's recovery. *Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162, 1174-77 (9th Cir.2006). It appears illogical-and certainly defendant has directed the court to no authority in support of this position-for the court to presume that Congress intended for the plaintiff to be required to prove that defendant intentionally caused him emotional distress in order to recover for such damages, when defendant's subjective intent is in no other way relevant to plaintiff's recovery. Such a construction of the statute appears particularly insupportable in light of the fact that Congress did permit a court to reduce the damage award if there was evidence that defendant did not intend to violate the FDCPA but that its conduct was the result of a bona fide error. 15 U.S.C. § 1692k(c); *see also Clark,* 460 F.3d at 1174-77. Put plainly, it is not proper for the court to insert an intent requirement into plaintiff's recovery for emotional distress damages where Congress has not done so and

where Congress expressly provided for the role defendant's intent should have in a FDCPA claim.

Thus, although the issue has not yet been taken up by the Ninth Circuit, District Courts in the Ninth Circuit and across the country have rejected the reasoning in *Costa.*

The Western District of Washington has also addressed the matter of emotional distress damages and specifically disagreed with the holding in *Costa.* There, the Court held that:

> "The court is persuaded by the *Riley* court's analysis, and, like *Riley,* holds that "actual damages" under the FDCPA includes emotional distress damages. Although Ms. Healey admits that she did not seek psychological or medical treatment for her emotional distress (*see* Healey Dep. at 218), this is not dispositive. *See Riley,* 631 F.Supp.2d at 1315 (holding that a plaintiff need not prove the elements of a claim for emotional distress under state tort law order to recover emotional distress damages under the FDCPA). Therefore, the court denies DRS's motion for a determination on summary judgment that Ms. Healey cannot prove actual damages under the FDCPA.

Ms. Braham's deposition testimony makes clear that, although she has not been medically treated for the emotional distress caused by Ms. Bull's threat to garnish her wages, she suffered real and continuing emotional distress damages. The manifestation of her emotional distress is clear and is certainly not, as the Defendants refer to it, "transitory". ECF No. 27 at 25.

Specifically, Ms. Braham testified that as a direct result of Ms. Bull's threat to garnish her wages, she "cried", "was shaking", and "believed she was having a panic attack". (Braham Dep. 48:3-20.) This highly emotional aftermath of Ms. Braham's conversation with the Defendant was witnessed by her husband. (Braham Dep. 48:16-20.) Based on her continuing fear that her wages would be garnished as Ms. Bull had told her, Ms. Braham continued to have "anxiety", "worry", and "upset" for months following the conversation with Ms. Bull. Plaintiff believed that at any time the Defendants might garnish her paycheck or bank account. (Braham Dep. 49:16-52:17.)

Ms. Braham's detailed testimony regarding the distress caused by Ms. Bull's illegal statement establishes a basis for finding she is entitled to emotional distress damages. The amount of emotional damages should be reserved for determination at trial and the Defendants' Motion for Summary Judgment denied.

## I. CONCLUSION

Defendant Bulls own admissions with respect to her statements to Ms. Braham and garnishment support a finding that the Defendants violated the FDCPA. It is undisputed that the Plaintiff's testimony regarding the verbal exchange with Ms. Bull supports a finding that the Defendants violated the FDCPA. The success of Defendants' Motion for Summary Judgment, if possible at all, rests solely on the

Defendants' assertion that the Court should reject altogether the Plaintiff's testimony and consider all inferences in the Defendant's favor. There is no legal or factual basis to do so. The Defendants legal analysis of their liability under the FDCPA is incorrect and there is an issue of fact remaining, although possibly not material, as to what exactly was said by the parties. Thus, Defendants' motion for summary judgment should be denied.

Dated the 6th day of January, 2012.

*Kirk D. Miller, P.S.*

s/ Kirk Miller
Kirk Miller
WSBA 40025
Attorney for Plaintiff

<u>CM/ECF</u>

I hereby certify that on the 6th day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Thomas Milby Smith      tmilby@thomasmsmithattorney.com

Kirk Miller              kmiller@millerlawspokane.com

*Kirk D. Miller, P.S.*

s/Kirk D. Miller
Kirk D. Miller
WSBA # 40025
Attorney for Plaintiff
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
Fax: (509) 413-1724
kmiller@millerlawspokane.com