Kirk D. Miller
Kirk D. Miller, P.S.
211 E Sprague Avenue
Spokane, WA  99202
(509)413-1494 Telephone
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARLA BRAHAM, ) | |
| ) | |
| Plaintiff, ) | Case No.: CV-10-385-EFS |
| ) | |
| v. ) | MEMORANDUM IN SUPPORT OF |
| ) | PLAINTIFF'S MOTION FOR |
| AUTOMATED ACCOUNTS, INC, a ) | SUMMARY JUDGMENT |
| Washington Corporation , and ) | ON THE ISSUE OF DEFENDANTS' |
| MICHELLE DOE and JOHN DOE, ) | LIABILITY UNDER 15 USC § 1692 |
| husband and wife and the marital ) | |
| community comprised thereof. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Plaintiff respectfully submits her Motion for Summary Judgment, pursuant to

FRCP 56.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-1

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

## I.  BACKGROUND AND INTRODUCTION

On October 29, 2010, Plaintiff filed her Complaint against Defendants, alleging violation of the FDCPA, 15 U.S.C. 1692 *et seq.* ECF No.1. The crux of the Plaintiff's complaint is that she was unlawfully threatened with garnishment by Ms. Bull[1], a debt collector and employee of Defendant Automated Accounts, Inc. (hereinafter "Automated").  Defendants generally denied the Plaintiff's allegations. On September 20, 2011, Depositions of Ms. Bull and Ms. Braham were taken. Although the precise wording of the verbal exchange between Ms. Bull and the Plaintiff that formed the basis of this action is not fully agreed upon, Ms. Bull's deposition testimony reveals that the parties are sufficiently in agreement as to the language that Plaintiff asserts is in violation of the FDCPA, such that no genuine issue of *material* fact exists.  Otherwise stated, taking Ms. Bull's testimony in the light most favorable to her, relying on her allegedly contemporaneous notes, and assuming for the purpose of this motion that her deposition testimony is an accurate reflection of the verbal exchange between Ms. Bull and Ms. Braham, Defendants' conduct violated the FDCPA and Plaintiff is entitled to judgment against Ms. Bull and Automated on the issue of liability.

---

[1] Ms. Bull was previously identified as Michelle Doe in the Plaintiff's Complaint.  Michelle Doe's true identity, was subsequently disclosed by the Defendants.  The person identified as Michelle Doe in the Plaintiff's Complaint is identified as "Michelle Bull", "Ms. Bull", and "Defendant Bull" herein.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-2

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

## II. <u>LEGAL STANDARD</u>

An order granting summary judgment is appropriate when the evidence reveals there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Spence v. ESAB Group, Inc.,* 623 F.3d 212, 216 (3d Cir.2010) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In arguing that a genuine issue of material fact exists that precludes summary judgment, the non-movant must identify specific evidence in the record to support its position. *Baranowski v. Hart,* 486 F.3d 112, 119 (5th Cir.2007). " 'However, the nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' " *Id.* (quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir.2004)).  The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law. *Id.,* 106 S.Ct. at 2512.Where, as here, the parties disagree about the precise wording of their verbal exchange but the parties both recount an exchange in which the Defendants violated the applicable statute (FDCPA), summary judgment is appropriate.

### III.ARGUMENT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.  *Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982).  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§ 1692d, 1692e, and 1692f.  "Congress intended the [FDCPA] be enforced primarily by consumers." *F.T.C. v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980).  The FDCPA must be enforced "as Congress has written it." *Frey v. Gangwish,* 970 F.2d 1516, 1521 (6th Cir. 1992).

/////

/////

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-4

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

A. <u>For purposes of this motion there is no factual dispute about the Defendants'</u> <u>violation</u>

For purposes of this Summary Judgment Motion, Plaintiff relies solely on the testimony of Ms. Bull regarding what was said to the Plaintiff during their November 2, 2009 conversation.  Although there is a dispute between the parties as to exactly what was said, even if the Court draws every inference in favor of the Defendants, as it must, it is still clear that the Defendants violated the FDCPA.

According to Ms. Bull's own deposition testimony, she recounts her conversation with Ms. Braham on November 2, 2009 as follow:

Q. Did you tell [Ms. Braham] that you were starting a legal process?

A. Yes, which is requesting assignment [of the account from the creditor], which is what I did.

Q. And you didn't know at that point if that would involve garnishment or not; is that correct?

A. I had no idea…

Q. [Ms. Braham then] asked you if that meant garnishment, and you said that is part of the legal process…?

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-5

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

A. Yes.

   *Bull Dep., 92:10-23:*


Q. And you did not explain to Ms. Braham garnishment could only occur after a

judgment was entered against her; is that correct?

A. That is correct.

   *Bull Dep., 95:12-15*


A. I answered her question, [garnishment is] part of the legal process.

Q. But not necessarily [a legal process that] would apply to [Ms. Braham];

correct?

A. Right.

   *Bull Dep., 97: 12-15*


   The parties agree that the Defendants have never had any right to institute

garnishment proceedings against the Plaintiff.  ECF No. 4 at 5.

   Whether this conversation between Ms. Braham and Ms. Bull violated the

FDCPA is a question of law.  Even if Defendant Bull's statement could be

considered technically true under some interpretation, courts "have held that

collection notices can be deceptive if they are open to more than one reasonable

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
   -6

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

interpretation, at least one of which is inaccurate." *Clomon v. Jackson,* 988 F.2d

1314 (2d Cir. 1993); *see also Dutton v. Wolhar,* 809 F.Supp. 1130 (D. Del. 1992)

("least sophisticated debtor is not charged with gleaning the more subtle of the two

interpretations" ); and *Schimmel v. Slaughter,*  975 F. Supp. 1357 (N.D. Ga. 1997)

(attorney letter stating that garnishment was available "after judgment was

obtained" could convey to the least sophisticated consumer the impression that a

judgment was a virtual certainty and therefore was deceptive).


   B.  <u>The Court Must Analyze the Communication from the Standpoint of the</u>
      <u>Least Sophisticated Debtor</u>

   Courts in this Circuit have been instructed that they "shall find a violation of

Section 1692e if [the collector's communication is] likely to deceive or mislead a

hypothetical 'least sophisticated debtor.'" *Wade v. Regional Credit Ass'n,* 87 F.3d

1098, 1100 (9th Cir. 1996).  The standard is an "objective" one that "is 'lower than

simply examining whether particular language would deceive or mislead a

reasonable debtor. '" *Terran* v. *Kaplan,* 109 F.3d 1428,1431-32 (9th Cir. 1997),

quoting *Swanson* v. *Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1227

(9th Cir. 1988). As explained by Judge Cabranes in the seminal Second Circuit

case, "The basic purpose of the least-sophisticated-consumer standard is to ensure

that the FDCPA protects all consumers, the gullible as well as the shrewd."

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
 -7

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

*Clomon* v. *Jackson,* 988 F.2d 1314,1318 (2d Cir.1993). Thus, Judge Easterbrook has instructed that "[u]nsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *Johnson* v. *Revenue Management Corp.,* 169 F.3d a1057, 1060 (7th Cir. 1999). The Court's inquiry does not include an analysis of the actual sophistication of the Plaintiff.   Defendants' references to the academic achievements and background of the Plaintiff are irrelevant for purposes of this case, as are the Defendant's comments on the reasonableness of the Plaintiff's understanding.

   "Whether conduct violates [the FDCPA] ... requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.' " [2]*Donohue,* 592 F.3d at 1030 (quoting *Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926, 934 (9th Cir.2007)); *see also Swanson v. S. Or. Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir.1988). In this circuit, a debt

---

[2] As other courts, this Court has employed the terms "least sophisticated consumer" and "least sophisticated debtor" interchangeably *[see e.g. Donohue* v. *Quick Collect, Inc.,* 592 F.3d 1027,1033 (9th Cir. 2010)], a difference that, when examined, has been determined to be of no legal consequence. *Brown* v. *Card Service Center,* 464 F.3d 450,453 n.1 (3rd Cir. 2006); *see also Graziano* v. *Harrison,* 950 F.2d 107, 111 n.5 (3rd Cir. 1991) (acknowledging the "least sophisticated debtor" "usage" but recognizing that "least sophisticated consumer" would be "a more appropriate phrase" in view of FDCPA terminology).

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
   -8-

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

collector's liability under § 1692e of the FDCPA is an issue of law. *Terran v. Kaplan,* 109 F.3d 1428, 1432 (9th Cir.1997).

The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id.* (internal quotation marks omitted). The standard is "designed to protect consumers of below average sophistication or intelligence," or those who are "uninformed or naive," particularly when those individuals are targeted by debt collectors. *Duffy v. Landberg,* 215 F.3d 871, 874–75 (8th Cir.2000) (internal quotation marks omitted); *accord Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769, 774 (7th Cir.2007) (cautioning that "if the debt collector has targeted a particularly vulnerable group," "the benchmark for deciding whether the communication is deceptive would be the competence of the substantial bottom fraction of *that* group"). At the same time, the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir.2008) (internal quotation marks omitted). The FDCPA does not subject debt collectors to liability for "bizarre," "idiosyncratic," or "peculiar" misinterpretations. *See id.; Strand v. Diversified Collection Serv. Inc.,* 380 F.3d 316, 318 (8th Cir.2004).

"As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff." *Cacace v. Lucas*, 775 F. Supp.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
   -9-

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

502, 505 (D. Conn. 1990); *see also Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, *supra* at 33; *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, *supra*, at 62; *Clomon v. Jackson*, *supra*, at 1318. Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA. *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, *supra*, at 777.

## Defendants Violated 15 USC §1692e(4)(5) and (10)

Section 1692e's absolute prohibition against any misleading representations without regard to the collector's knowledge or intent forms the basis for the FDCPA's imposition of "strict liability." *Reichert v. National Credit Systems, Inc.,* 531 F.3d 1002, 1005-06 (9th Cir. 2008), quoting *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1177 (9th Cir. 2006). This strict liability is subject to the statute's "narrow exception" recited in its affirmative bona fide error defense. *Id.; see Jermane. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, supra,* 130 S.Ct. at 1611-12 (holding that the FDCPA bona fide error defense

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-10-

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

excludes legal errors).  Defendants are not claiming a bona fide error and have

waived any reliance on this affirmative defense.

In relevant part, 15 USC §1692e states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(**4**) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(**5**) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(**10**) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

"Section 1692e(10), which prohibits "[t]he use of any false representation or

deceptive means to collect ... any debt," has been referred to as a "catchall"

provision, and can be violated in any number of novel ways." *Gonzales v. Arrow*

*Fin. Services, LLC,* 660 F.3d 1055, 1062 (9th Cir. 2011) citing: *Rosenau,* 539 F.3d

at 224. A communication from a debt collector is "deceptive where it can be

reasonably read to have two or more different meanings, one of which is

inaccurate." *Id.   Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir.2006)

(internal quotation omitted); *accord Kistner v. Law Offices of Michael P.*

*Margelefsky, LLC,* 518 F.3d 433, 441 (6th Cir.2008); *Russell v. Equifax A.R.S.,* 74

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-11-

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

F.3d 30, 34–35 (2d Cir.1996); *Goodrow v. Friedman & MacFadyen, P.A.,* 788 F. Supp. 2d 464, 472 (E.D. Va. 2011).  Defendants argue that the term "legal process" was used in two different contexts by Defendant Bull during the same conversation with the Plaintiff on November 2, 2011.  The Defendants concede that one of the contexts used by Ms. Bull for the term "legal process" did not apply to the Plaintiff.  Ms. Bull did not explain the context to the Plaintiff and, although irrelevant to the Courts analysis of this motion, the Plaintiff was deceived by Ms. Bull's statement into believing that her wages might be garnished.  Hence, Ms. Bull's statements to the Plaintiff violate the FDCPA.


C.  <u>Defendant Bull's intent is not relevant to a determination of liability for his violation of § 1692e and there are no material issues of fact as to the § 1692e violation.</u>


The word "intent" is not contained in anywhere § 1692e. Whether the communication was "false, deceptive or misleading" is a legal determination. There is no dispute for the purposes of this motion regarding what was said by the parties.  For purposes of this motion, the Plaintiff stipulates to using Ms. Bull's own testimony as evidence of the conversation between Ms. Bull and the Plaintiff. The least sophisticated consumer would find Ms. Bull's statements to be "false, deceptive or misleading."  So did the Plaintiff.  Defendants never had any right to

garnish the Plaintiff's wages and even a reasonable interpretation, much less a "least sophisticated debtor" interpretation, could lead a person to believe that Defendants were threatening to garnish the Plaintiff's wages. Therefore, this Court should hold as a matter of law that Defendant Bull violated § 1692e.

For purposes of this motion, it is undisputed that during their November 2, 2009 conversation Defendant Bull told Ms. Braham that garnishment is part of the legal process and that Defendants were going to start the legal process. (Bull Dep. 93-97.) It is further undisputed that Defendant did not have a judgment or other legal justification by which to institute any garnishment proceedings against the Plaintiff. This statement therefore violated the FDCPA by threatening action which cannot legally be taken. 15 U .S.C. § 1692e(4)-(5). Terry v. C & D Complete Bus. Solutions, 09-00799-CV-W-DGK, 2011 WL 144920 (W.D. Mo. Jan. 18, 2011). Without an existing judgment or other legal authority, not here alleged or established to exist, the Defendant certainly could not garnish the Plaintiff's wages, and any threat to do so is a false, deceptive, or misleading statement in violation of the FDCPA. Sowers v. Wakefield & Associates, 09-CV-02873-BNB-MEH, 2010 WL 3872901 (D. Colo. Sept. 29, 2010).

In *Nance v. Friedman,* 2000 WL 1700156 (N.D.Ill. Nov. 8, 2000), the debt collector argued that the allegedly threatening statement that he had been

authorized to file suit was not actionable because it was true. The court denied the debt collector's motion for summary judgment, stating:

> Even if so, this would not necessarily carry the day for Friedman, for the letters do not just say he was authorized to sue; they indicate that a suit is imminent. Falsely threatening imminent litigation when the decision whether to sue has not been made violates the FDCPA. The fact that Friedman did in fact sue some debtors (including [the plaintiff] ), though relevant, is not dispositive. The issue is whether the threat of imminent litigation was true when made. <u>Sowers v. Wakefield & Associates</u>, 09-CV-02873-BNB-MEH, 2010 WL 3872901 (D. Colo. Sept. 29, 2010)

D. <u>Literal Truth is Not a Defense</u>

Defendants' argument that literal truth insulates it from liability is directly contrary to this Court's longstanding view that deception exists even though the communication "does not state false facts." *Simeon Management Corp.* v. F.T.C. 579 F.2d 1137, 1145 (9th Cir. 1978) (affirming deception under the Federal Trade Commission Act). The adoption of the least sophisticated consumer standard built on this FTC Act precedent, as shown in this Court's First FDCPA case. *Baker* v. *G.G. Servs. Corp.,* 677 F.2d at 778 (following the "directive" of the FTC Act that "[i]n evaluating the tendency of language to deceive, the Commission should look not to the most sophisticated readers but to the least") (citation and quotation omitted); *see also Jeter* v. *Credit Bureau, Inc.,* 760 F.2d 1168,1172-75 (11th Cir. 1985)("prior to the passage of the FDCP A, the FTC had protected unsophisticated

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-14

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

consumers from debt collection practices which have a tendency or capacity to deceive"); *Clomon* v. *Jackson,* 988 F.2d at 1318 ("This standard is consistent with the norms that courts have traditionally applied in consumer-protection law"). Defendants would have this Court not only ignore the plain statutory language and the controlling least sophisticated consumer standard but also reverse decades of federal consumer protection jurisprudence.

Illustrating the application of these principles in the context of Defendant Bull's statement is the Third Circuit opinion in *Brown v. Card Service Center, supra.* The district court in *Brown* had dismissed for failure to state a claim under § 1692e a complaint based on the collector's statement that "refusal to cooperate could result in a legal suit being filed" and "could result in our forwarding this account to our attorney." 464 F.3d at 451-52.  The consumer had alleged that the statements were false and misleading because the collector (CSC) in fact had no intention of taking such action; nevertheless, the lower court agreed with the collector that it had said nothing that as a matter of law was false or misleading. In reaching this conclusion, the District Court emphasized that the CSC Letter employed the conditional term "could" as opposed to the affirmative term "will" ... The District Court found the CSC Letter in compliance with the FDCPA because it merely stated what CSC *could* do, if it so chose. 464 F.3d at 454-55 (emphasis in original).

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-15

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

The Third Circuit reversed "because we conclude that it would be deceptive under the FDCPA for CSC to assert that it *could* take an action that it had no intention of taking and has never or very rarely taken before." 464 F.3d at 455 (emphasis in original).  Just as Defendants argue that it is entitled to automatic and conclusive immunity from liability under the FDCPA because of the literal truth of Ms. Bull's statement garnishment is part of the legal process, the Third Circuit also rejected the same argument in the context of litigation.  The Third Circuit discounted the statement's literal truth for the simple and decisive reason that the least sophisticated consumer "might get the impression that litigation or referral to a CSC lawyer would" occur under the stated conditions. *Id.*

The Third Circuit cited two separate FDCPA tenets that support its ruling and further confirm the district court's ruling here. First, federal courts have developed "as a useful tool in analyzing the 'least-sophisticated consumer' test" for a § 1692e violation the "'more than one reasonable interpretation' standard." *Kistner v. Law Offices of Michael P. Margelefsky, !LC,* 518 F.3d 433,441 (6th Cir. 2008). This test holds that a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown v. Card Service Center,* 464 F.3d at 455 (internal quote and citation omitted); *see also Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996) (same). The Third Circuit applied the "more than one reasonable interpretation"

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

test and concluded that the conditional statement under review would be deceptive

if the plaintiff could prove that what the collector stated "could" happen in fact

"seldom" occurred. 464 F.3d at 455.  The Third Circuit's use of the "more than one

reasonable interpretation" test to determine deception in an unexplained

conditional statement is equally befitting here and establishes Defendants'

violation since Defendants have conceded the complete inapplicability of

garnishment to any action that they could or intended to take at the time the treat

was made.

For additional support the Third Circuit in *Brown* [464 F.3d at 455-56] also

relied on the FTC's FDCPA Staff Commentary, which provides the following

specific guidance to debt collectors who make statements of conditional action:

> A debt collector may not state or imply that he or any third party may
> take any action unless such action is legal and there is a reasonable
> likelihood, at the time the statement is made, that such action will be
> taken. A debt collector may state that certain action is possible, if it is
> true that such action is legal and is frequently taken by the collector or
> creditor with respect to similar debts; however, if the debt collector
> has reason to know there are facts that make the action unlikely in the
> particular case, a statement that the action was possible would be
> misleading.  *FTC Statements of General Policy or Interpretation Staff
> Commentary on the Fair Debt Collection Practices Act*, 53 Fed. Reg.
> 50097-50110, § 807(5)- 3, at 50106 (Dec. 13, 1988) (emphasis
> added).

This admonition conclusively defines Defendants' misconduct here since

Defendants' admission that it knew that the age of the debts in the health club

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-17

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

portfolio meant that under no circumstances would it report these debts to a credit bureau goes well beyond the FTC's threshold that to be unlawfully misleading the conditional action must be simply "unlikely." *See also LeBlanc v. Unifund CCR Partners,* 601 F3d 1185, 1190 n.9 (11th Cir. 2010).

This Court's established jurisprudence protecting consumers from deceptive practices under the FDCPA and otherwise, case law exemplified by the Third Circuit's *Brown* opinion, the FTC Commentary's illustration of deception squarely describing and condemning Defendants' misconduct here, and prevailing FDCP A principles adopted by every circuit court in the country all dramatically compel a finding that these Defendants violated the FDCPA.   Even the common law would command this result. *See e.g. Smith v. Duffey,* 576 F.3d 336, 338 (7th Cir. 2009) (the common law imposes a "duty of candor" and disclosure even "in the absence of any special relationship ... just because the defendant's silence would mislead the plaintiff because of something else that the defendant had said").

## IV.    <u>CONCLUSION</u>

Whether a debt collector has engaged in misrepresentation "is [] an excellent candidate for summary judgment, as only pure questions of law are presented." *Valdez* v. *Hunt And Henriques,* 2002 WL 433595, (N.D.Cal. March 19, 2002).  The parties agree that Ms. Bull told Ms. Braham that the Defendants were going to start the "legal process" and then told Ms. Braham that garnishment is a part of the "legal process".

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-18

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

Defendants couch their defense to this action on the sole basis that, despite the fact that Ms. Braham was misled by Ms. Bull's statements into believing that Defendants were going to garnish her wages, Ms. Bull's statements cannot violate the FDCPA because they are technically true.  Contrary to the Defendant's assertion, however, the Court's only analysis is whether Ms. Bull's statements would be misleading to the least sophisticated debtor.  It is. Accordingly, the Court should find that the Defendants statements violated the FDCPA (15 USC §1692e) and the Plaintiff's Motion for Summary Judgment should be granted.

Dated the 6th day of January, 2012.

*Kirk D. Miller, P.S.*

s/ Kirk Miller
Kirk Miller
WSBA 40025
Attorney for Plaintiff

<u>CM/ECF</u>

I hereby certify that on the 6th day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:


Thomas Milby Smith        tmilby@thomasmsmithattorney.com

Kirk Miller                      kmiller@millerlawspokane.com


*Kirk D. Miller, P.S.*

s/Kirk D. Miller
_____
Kirk D. Miller
WSBA # 40025
Attorney for Plaintiff
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
Fax: (509) 413-1724
kmiller@millerlawspokane.com

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF DEFENDANTS' LIABILITY
-20

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494