Kirk D. Miller
Kirk D. Miller, P.S.
211 E Sprague Avenue
Spokane, WA  99202
(509)413-1494 Telephone
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

STARLA BRAHAM,

          Plaintiff,

v.

AUTOMATED ACCOUNTS, INC, a Washington Corporation , and MICHELLE DOE and JOHN DOE, husband and wife and the marital community comprised thereof.

          Defendants.

Case No.: CV-10-385-EFS

PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1. In January 2008, Ms. Braham visited the emergency room at Deaconess and received treatment for an injury she sustained at her workplace. (Braham Dep. 21:10-23:2.)

PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT  -1

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

2. At the time she was injured, Ms. Braham was unable to pay in full for emergency room charges. (Braham Decl. ¶ 4.)

3. Sometime thereafter, Deaconess referred the debt to Defendant Automated Accounts, Inc., a debt collector, for collection. (Braham Dep. 23:4-9.)

4. In late 2008, Automated Accounts contacted Ms. Braham to arrange payment for the Deaconess charges. (Braham Dep. 20:23-21:18, 23:4-9.)

5. Ms. Braham spoke with Defendant Michelle Bull, who works for Automated Accounts, Inc. as a debt collector, on multiple occasions in 2008 and 2009. (Braham Dep. 20:23-21:18; Bull Dep. 5:7-8, 13:10-12.)

6. In order to make her October 2009 payment to Automated Accounts, Ms. Braham deposited money into an ATM machine prior to the time she knew Automated Accounts would debit the account. (Braham Decl. ¶ 9.)

7. On November 2, 2009, after a misunderstanding in which the scheduled October payment did not go through, Ms. Bull and Ms. Braham spoke on the telephone. (Braham Decl. ¶ 10-11.)

PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT  -2

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

8. During the November 2, 2009 conversation, Ms. Bull told Ms. Braham that she had spoken with her supervisor and that Defendants were going to start the process of garnishing Ms. Braham's wages. (Braham Dep. 34:11-21.)

9. Ms. Braham asked Ms. Bull what she meant. (Braham Dep. 34:11-21.)

10. Ms. Bull replied "the legal process". (Braham Dep. 34:11-21.)

11. When Ms. Braham asked for further clarification, Ms. Bull replied that the "legal process" means garnishing Ms. Braham's wages. (Braham Dep. 34:11-21)

12. Ms. Bull responded that "legal process" means garnishing Ms. Braham's wages. (Braham Dep. 34:11-21)

13. Ms. Braham's and Ms. Bull's testimony regarding the November 2, 2009 conversation differs slightly but the difference is immaterial. (See generally, Braham Dep. And Bull Dep.)

14. Ms. Bull testified that during the November 2, 2009 conversation, she told Ms. Braham that Automated Accounts was starting its "legal process" to collect the debt. (Bull Dep. 78:6-14)

15. Ms. Bull testifies that Ms. Braham asked her if garnishment was part of the "legal process". (Bull Dep. 82:3-5)

16. Ms. Bull told Ms. Braham that garnishment is part of the "legal process". (Bull Dep. 82:3-5)

17. Ms. Bull testifies that when she initially referenced the "legal process", she was referring to an internal procedure at Automated Accounts wherein she would request an assignment from the original creditor. (Bull Dep. 91:12-16.)

18. Ms. Bull testifies that when she was responding to Ms. Braham's question about garnishment during their November 2, 2009 conversation she was referring to a different "legal process" than she had previously mentioned. (Bull Dep. 92:10-23.)

19. At no time did any Defendant have a right to garnish Ms. Braham's wages. (ECF No. 4 at 5 ¶ 19.)

20. Ms. Bull testifies she did not explain to Ms. Braham that when she referred to "legal process" it meant requesting a legal assignment, nor did she explain to Ms. Braham which "legal process" might result in garnishment. (Bull Dep. 82:10-15.)

21. Ms. Bull testifies, in fact, that she does not know precisely what happens after she starts the "legal process" of requesting an assignment from a creditor. (Bull Dep. 93:15-94:22)

22. Ms. Braham has had no legal training and in November 2009 she did not know that a judgment had to be obtained before she could be garnished. (Braham Decl. ¶ 18.)

23. Following the November 2, 2009 conversation with Ms. Bull, Ms. Braham believed that the Defendants might garnish her at any time. (Braham Decl. ¶ 19.)

24. Ms. Braham's worry and stress about her wages being garnished gave her a panic attack later that same day. (Braham Decl. ¶ 20.)

25. Michelle Bull's threat that Ms. Braham's wages would be garnished made Ms. Braham so upset that she was shaking, crying, and having trouble controlling her breathing. (Braham Decl. ¶ 21.)

26. Following the November 2009 conversation with Ms. Bull, Ms. Braham was terrified for months that the Defendants might take the funds from her bank account or paycheck at any time and make it impossible for her to provide for her family. (Braham Decl. ¶ 24.)

PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT  -5

Kirk D. Miller P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509)413-1494

27. The fear caused by Ms. Bull's threat of garnishment was substantially greater than any anxiety Ms. Braham has felt in the past regarding her financial situation. (Braham Decl. ¶ 25.)

Dated the 6th day of January, 2012.

*Kirk D. Miller, P.S.*

/s/ Kirk Miller
Kirk D. Miller
WSBA # 40025
Attorney for Plaintiff

CM/ECF

I hereby certify that on the 6th day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Thomas Milby Smith      tmilby@thomasmsmithattorney.com
Kirk Miller             kmiller@millerlawspokane.com

*Kirk D. Miller, P.S.*

s/Kirk D. Miller
Kirk D. Miller
WSBA # 40025
Attorney for Plaintiff
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
Fax: (509) 413-1724
kmiller@millerlawspokane.com