Thomas M. Smith
Attorney for Defendant Automated Accounts, Inc.
P.O. Box 1360
Spokane, WA 99210
Phone: 509-327-9902
Fax:    509-327-6238
email: tmilby@thomasmsmithattorney.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARLA BRAHAM,<br><br>        Plaintiff,<br><br>vs.<br><br>AUTOMATED ACCOUNTS, INC., a Washington Corporation, and MICHELLE DOE and JOHN DOE, husband and wife, and the marital community comprised thereof,<br><br>        Defendants. | NO. CV-10-385-EFS<br><br>DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I. **INTRODUCTION**

Plaintiff Starla Braham ("Ms. Braham") expends great effort arguing that defendants deceived her in violation of the Fair Debt Collection Practices Act ("FDCPA"), yet she fails to explain precisely what the alleged deception entailed. There is a reason for that: defendants did not deceive Ms. Braham. When Ms. Braham and defendant Michelle Bull ("Ms. Bull") spoke in November 2009, Ms.

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF  DEFENDANTS'MOTION
FOR SUMMARY JUDGMENT  PAGE 1

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

Bull accurately informed Ms. Braham of Automated Accounts' true, lawful intentions, saying that because Ms. Braham had failed to make debt payments as she had previously agreed to do, defendant Automated Accounts, Inc. ("Automated Accounts") intended to begin a process that could result in garnishment. Automated Accounts then began that process by seeking client records and obtaining an assignment, making Ms. Bull's words entirely accurate. Such conduct does not violate the FDCPA.

Ms. Braham relies heavily on the absence of a judgment against her at the time she spoke with Ms. Bull. She argues that since no judgment existed, defendants' reference to garnishment amounted to threatening unlawful action. Section 1692e does not prohibit a debt collector from referencing actions that are lawful and that the debt collector or creditor intends to take. 15 U.S.C. § 1692e. Both were true here. When a debtor agrees to make payments toward a debt and then fails to do so, Washington law permits legal proceedings against the debtor, including garnishment. When Ms. Braham failed to make a payment on her debt, Ms. Bull accurately relayed that Automated Accounts intended to take legal action and then began that process by requesting an assignment to do so. Defendants deceived no one, nor did they do anything harassing or abusive that would violate the other FDCPA provisions upon

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS'MOTION
FOR SUMMARY JUDGMENT         PAGE 2

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

which Ms. Braham bases her claims. As a matter of law, defendants committed no FDCPA violations. The Court should grant summary judgment in defendants' favor.

## II. ARGUMENT

### A. Ms. Braham's Account of the Alleged Garnishment Threat Fails to Establish a Genuine Issue of Material Fact Because It Lacks Corroboration and is Self-Contradictory.

The Ninth Circuit has held that a plaintiff's own uncorroborated and self-serving testimony does not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("this court has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony"; quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996) and affirming summary judgment for defendants); *see also Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481-82 (9th Cir. 1996) (plaintiff's uncorroborated and self-serving deposition testimony, which contradicted her earlier sworn statements and medical records, failed to present "a sufficient disagreement to require submission to a jury" (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); court upheld summary judgment in favor of defendant employer). Indeed, *S.E.C. v. Phan*, cited by Ms. Braham, recognizes the authority of *Villiarimo* but distinguishes it on factual grounds. *S.E.C. v. Phan*, 500 F.3d 895, 909-10 (9th Cir. 2007). The Ninth Circuit also holds that a

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT          PAGE 3

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

party also may not create a fact issue by contradicting her own testimony. *Kennedy v. Applause, Inc.*, 90 F.3d at 1481; *see also Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991). *S.E.C. v. Phan* recognizes the validity of this rule as well. *Phan*, 500 F.3d at 910. These rules preclude parties from relying on these types testimony to defeat a motion for summary judgment.

Contrary to Ms. Braham's assertion, defendants do not "misstate the law" by applying these rules to this case.[1] The lack of corroboration for Ms. Braham's version of events contrasts with Ms. Bull's account, which is supported by a record Ms. Bull made at the time of the conversation that cannot be altered afterward. *See generally Deposition of Michelle Bull ("Bull Dep."), 78:6-82:12;*[2] *see also Declaration of Scott Millsap in Support of Defendants' Motion for Summary Judgment ("Millsap Decl.")*. Moreover, Ms. Braham's deposition includes contradictory statements about Ms. Bull's statements in two different telephone conversations; she describes garnishment threats but later says those were not Ms. Bull's "exact words." *See, e.g., Deposition of Starla Braham ("Braham Dep.")*

---

[1] *Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Memorandum")*, p. 5.

[2] Excerpts attached to Declaration of Thomas M. Smith in Support of Defendants' Motion for Summary Judgment ("Smith Decl.") as Exhibit B, Declaration of Kirk D. Miller re Attached Excerpts of Depositions ("Miller Decl.") as Exhibit B, and Supplemental Declaration of Thomas M. Smith in Support of Defendants' Motion for Summary Judgment ("Supp. Smith Decl.") as Exhibit B. Numbers denote deposition page and line numbers.

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS'MOTION
FOR SUMMARY JUDGMENT     PAGE 4

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

*34:11-24, 49:1-4.*[3] Contrary to Ms. Braham's assertion, this latter statement (*Braham Dep. 49:1-4*) is not taken out of context. The deposition transcript shows Ms. Braham testifying Ms. Bull said, "we are going to end up garnishing your wages," then testifying, "those are not the exact words." *Braham Dep. 49:1-4*. Despite Ms. Braham's attempt to explain that exchange, the transcript leaves unclear precisely what Ms. Braham believed Ms. Bull's "exact words" were.[4]

Now, in addition to her deposition testimony, Ms. Braham has filed a declaration in support of her own motion for summary judgment that, while consistent with portions of her deposition testimony, conflicts with other portions of it. For example, in her deposition, Ms. Braham claims that in a 2008 conversation, Ms. Bull told her if she didn't pay on her debt, her wages would be garnished. *Braham Dep., 33:13-21*. Ms. Bull now claims, in her new declaration, that it was she who first asked about garnishment in that conversation, and that she assumed Ms. Bull referred to garnishment—even though Ms. Bull apparently never mentioned the word "garnishment." *Declaration of Starla Braham in Support of Motion for Summary Judgment ("Braham Decl."), p. 2, ¶¶6-7*. Ms. Braham also tries to clarify

---

[3] Excerpts attached Smith Decl. as Exhibit A, Miller Decl. as Exhibit A, and Supp. Smith Decl. as Exhibit A.

[4] As this discussion illustrates, defendants do not, as plaintiff repeatedly claims, ignore any of Ms. Braham's testimony. Defendants acknowledge that Ms. Braham's account of the key conversation differs from Ms. Bull's account, but note that Ms. Braham's account is at times unclear or self-contradictory.

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT         PAGE 5

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

her above-referenced statement, "Those are not the exact words," by claiming she was referring to counsel's question, not her own account of the conversation. *Braham Decl., p. 4, ¶16.* The deposition transcript hardly suggests this. *See Braham Dep. 49:1-4.* In any case, Ms. Braham's new declaration fails to clarify what was actually said to her by Michelle Bull.

Ms. Braham's new declaration places her testimony squarely in the situation covered by *Villiarimo* and *Kennedy*. Ms. Braham has now provided an affidavit inconsistent with her deposition testimony. Such evidence fails to raise a genuine issue of material fact sufficient to defeat a motion for summary judgment. Ms. Bull has consistently testified, in an account supported by a written record, that Ms. Braham first broached the subject of garnishment in both telephone conversations. The court should prefer Ms. Bull's consistent, corroborated testimony over Ms. Braham's uncorroborated claims on this matter.

**B.    Defendants Made No Statement that Is Likely to Deceive or Mislead the Least Sophisticated Consumer and Therefore Did Not Violate 15 U.S.C. § 1692e(4), 1692e(5), or 1692e(10) as a Matter of Law.**

Regardless of which account the court prefers, nothing defendants allegedly said constitutes a violation of the FDCPA.

Ms. Braham claims defendants violated sections 1692e(4), 1692e(5), and 1692e(10) of the FDCPA by threatening to garnish her wages. *See Plaintiff's*

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT        PAGE 6
THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

*Memorandum, pp. 12-13.* The relevant FDCPA sections prohibit representations or threats of actions the debt collector cannot legally take or does not intend to take. *See* 15 U.S.C. § 1692e.[5] As a matter of law, defendants' conduct did not violate these provisions.

Plaintiff devotes much effort to establishing the "least sophisticated debtor" as the standard governing FDCPA claims under these provisions. While defendants never dispute that this is the relevant standard, it still presumes a basic level of reasonableness on the debtor's part.

---

[5] The relevant sections provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> ...
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT          PAGE 7

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."...At the same time, the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care."...The FDCPA does not subject debt collectors to liability for "bizarre," "idiosyncratic," or "peculiar" misinterpretations.

*Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011) (citations omitted; emphasis added). Also, the standard is objective; it does not depend on the individual debtor's subjective understanding. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). A court applying the standard asks whether a statement would likely deceive the "hypothetical" least sophisticated consumer. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 (9th Cir. 1996) (affirming District Court's rejection of FDCPA claim where written notice contained no false information). Ms. Braham's claim that she was "actually deceived"[6] assumes her own subjective interpretation and is therefore not the proper standard.

Ms. Braham contends that even a literally true statement may have a capacity to mislead and thus can still violate the FDCPA. *See Plaintiff's Memorandum, p. 12.* While *Wade v. Regional Credit Association*, with which defendants take issue, finds

---

[6] Plaintiff's Memorandum, p. 11.

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT          PAGE 8

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

no FDCPA violation where defendant made a true statement,[7] any statement must at least be <u>likely</u> to mislead the hypothetical least sophisticated consumer before it can violate the FDCPA. *Wade,* 87 F.3d at 1100.[8]

Defendants' actions were not likely to mislead a reasonable unsophisticated consumer. Ms. Braham's claim hinges on the November, 2009 telephone conversation between her and Ms. Bull. Regardless of whether the court accepts Ms. Braham's or Ms. Bull's account of this conversation, Ms. Bull said nothing likely to mislead a reasonable, hypothetical "least sophisticated consumer." Though they differ on the precise content of the conversations, both parties agree that Ms. Bull told Ms. Braham she intended to start the "legal process" to collect Ms. Braham's debt, a process that could result in garnishment. *Bull Dep., 78:6-14; 81:7-21; Braham Dep. 34:15-21.* Washington law allows garnishment, thus allowing that legal action taken

---

[7] In making its ruling, the court observed:

> Second, the notice did not violate Section 1692e or Section 1692e(10), both of which prohibit false, deceptive or misleading means of collecting debts. The notice told Wade correctly that she had an unpaid debt, and properly informed her that failure to pay might adversely affect her credit reputation. There was no false representation that RCA had the power to collect in Idaho.

*Wade,* 87 F.3d at 1100.

[8] Ms. Braham appears to quote *Wade* in support of her argument (*see Plaintiff's Memorandum, p. 12, middle paragraph*), but defendants are unable to find the quote she provides in *Wade*. No other full citation is given, leaving one to guess at the source of the quote.

DEFENDANTS REPLY MEMORANDUM IN SUPPORT  
OF DEFENDANTS' MOTION  
FOR SUMMARY JUDGMENT        PAGE 9

THOMAS MILBY SMITH, INC., P.S.  
ATTORNEY AT LAW  
P.O. Box 1360  
Spokane, WA 99210  
(509) 327-9902  
Fax: (509) 327-6238

against a debtor may result in garnishment. *See generally RCW Chapter 6.27.* It would have been perfectly legal to obtain a judgment against Ms. Braham and seek garnishment to collect it. Ms. Bull did what she said—she began this process by requesting assignment of the debt. *Bull Dep., 79:13-24.* Ms. Bull's action was lawful, and what she told Ms. Braham was precisely what she intended to do. Ms. Braham offers no evidence to the contrary.

Ms. Braham claims Ms. Bull's statement was susceptible to more than one interpretation and that, even if true, it therefore could mislead a consumer. *See Plaintiff's Memorandum, p. 12.* Ms. Braham's interpretation of Ms. Bull's alleged words, however, is not reasonable. Ms. Bull did not state garnishment would occur immediately; rather, as both parties testify, Ms. Bull said she intended to begin the "process" of taking legal action. *Bull Dep., 78:6-14, 81:7-21, 101:21-102:4; Braham Dep. 34:15-21.* Moreover, both Ms. Braham's husband and good friend tried to reassure her garnishment could not be done immediately or automatically. *See Declaration of Mario Ruiz in Support of Defendants' Motion for Summary Judgment ("Ruiz Decl."); Braham Dep., 58:9-59:23.* Still, Ms. Braham claims she believed garnishment could occur at any time. *Braham Dep. 49:5-10.* Ms. Braham's claim of being "actually deceived" results from her own admitted misunderstanding of the

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT     PAGE 10

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

legal process that ends up in garnishment—not on what was said or implied by Michelle Bull.

By Ms. Braham's standard, the mere mention of the word "garnish" by a debt collector before judgment—even in response to a debtor's question—could subject a debt collector to FDCPA penalties. Such an interpretation is unreasonable, even for a "least sophisticated" consumer. Ms. Bull description of her actions as a "process" strongly indicates the end result of a process—something that will not occur immediately. Conversely, it is not reasonable to impose on defendants a burden to describe each step that will be taken in the process, particularly an employee who admittedly does not have that information. *See Bull Dep., 93:15-94:22.* Ms. Braham's position effectively asks the court to read the FDCPA to either require a debt collector to apprise the consumer of their internal legal processes or refrain from mentioning them at all, lest the debt collector risk misleading the least sophisticated consumer. The statute contains no such requirements, and the court should not impose them.

Ms. Braham's apparent belief that garnishment was imminent is not reasonable on these facts. Moreover, she provides no evidence disputing the fact that Ms. Bull's statements involved lawful actions that defendants intended to—and did—take. The fact that no garnishment ultimately occurred does not make Ms. Bull's alleged

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS'MOTION
FOR SUMMARY JUDGMENT        PAGE 11

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

statements untrue. Summary judgment on Ms. Braham's claim under FDCPA section 1692e in defendants' favor is warranted.

C. **Plaintiff's Failure to Respond to Defendants' Argument That Defendant Did Not Violate 15 U.S.C. § 1692f as a Matter of Law Warrants Summary Judgment for Defendants as to That Section.**

Ms. Braham advances no argument in response to defendants' position that defendants committed no "unfair or unconscionable means" to collect a debt from plaintiff as prohibited by 15 U.S.C. § 1692f. Defendants have amply demonstrated that they did not violate this section. The Court should grant summary judgment in defendants' favor on plaintiff's claim under this section.

D. **Defendant Did Not Violate 15 U.S.C. § 1692d as a Matter of Law Because Calling a Debtor a "Liar" Fails to Establish Liability Under This Section as a Matter of Law.**

Ms. Braham argues that Ms. Bull called her a "liar" and that this violates section 1692d as a matter of law. While Ms. Bull does not concede that she called Ms. Braham a "liar," even if Ms. Braham is correct, calling one a liar—even combined with other rude conduct—does not raise a genuine issue of material fact about violation of section 1692d, let alone establish such violation as a matter of law. In *Bassett v. I.C. System, Inc.*, the Northern District of Illinois explained:

> …Bassett presents evidence in his Rule 56.1 Statement that on one occasion during a telephone call, a debt collector called him a liar, laughed at him, and

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS'MOTION
FOR SUMMARY JUDGMENT      PAGE 12

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

accused him of trying to make excuses to get out of paying his debt. (Pl.'s Stmt. Facts P 82.) Assuming this statement is true, Bassett has not established that a genuine issue of material fact exists because -- although this language is rude -- it does not rise to the level of a violation under Section 1692d(2). *See Majeski,* 2010 U.S. Dist. LEXIS 1830, 2010 WL 145861, at *4; *see also Guajardo v. G.C. Servs, LP,* No. H-08-119, 2009 U.S. Dist. LEXIS 102084, 2009 WL 3715603, at *3 (S.D. Tex. Nov. 3, 2009) (calling debtor a liar, saying "I can tell the kind of life you live by the fact that you don't pay your bills on time," and demanding payment in 24 hours or else did not rise to the level of abuse or harassment as a matter of law); *Montgomery v. Florida First Fin. Group, Inc.,* No. 06 CV 1639, 2008 U.S. Dist. LEXIS 61531, 2008 WL 3540374, at *6 (M.D. Fla. Aug. 12, 2008) (calling debtor a liar does not violate Section 1692d(2)); *Thomas v. LDG Fin. Servs., LLC,* 463 F.Supp.2d 1370, 1373 (N.D. Ga. 2006) (debt collector yelling and hanging up on debtor not actionable under Section 1692d(2)). Moreover, Bassett does not present evidence in his Rule 56.1 Statement that he believed that this telephone call was abusive or meant to harass him or that I.C. System's intention was to abuse or harass him. *See Horkey,* 333 F.3d at 774 (determinative inquiry is whether the natural consequence of the language was to abuse the hearer); *see, e.g., Frye v. Bowman, Heintz, Boscia, Vician, P.C.,* 193 F.Supp.2d 1070, 1082-83 (S.D. Ind. 2002) (Tinder, J.). Accordingly, construing the evidence and all reasonable inferences in Bassett's favor, Bassett has failed to raise a genuine issue of material fact for trial concerning his Section 1692d(2) claim. The Court therefore grants I.C. System's summary judgment motion on this claim.

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT          PAGE 13

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

*Bassett v. I.C. System, Inc.*, 715 F. Supp. 2d 803, 809 (N.D. Ill. 2010).

The authority Ms. Braham cites to the contrary fails to establish otherwise. In *Chiverton v. Federal Financial Group, Inc.*, the court never held trial or hearing on the issue; rather, it entered a default judgment in plaintiff's favor after the defendant failed to appear. *Chiverton*, 399 F. Supp. 2d 96 (D. Conn. 2005). The opinion was written by a magistrate charged solely with holding a hearing on damages and attorney fees. *Id.* Ms. Braham cites no other authority holding that a single reference to the plaintiff as a "liar" violates section 1692d <u>as a matter of law</u>.[9] It does not. Summary judgment on this claim is proper.

E.  **Plaintiff's Uncorroborated Testimony About Emotional Distress Fails to Raise a Genuine Issue of Material Fact that She Is Entitled to Damages for Emotional Distress.**

In response to defendants' argument on this issue, Ms. Braham cites authority noting that not all jurisdictions require a FDCPA plaintiff to satisfy the state law requirements for intentional infliction of emotional distress ("IIED") as a prerequisite to recovering emotional distress damages. *See Plaintiff's Memorandum, pp. 15-17,*

---

[9] Ms. Braham fails to identify any quotes from the other two unpublished cases she cites (*Moore v. Firstsource Advantage, LLC*, 07-CV-770, 2011 WL 4345703 (W.D.N.Y. Sept. 15, 2011), and *Nelson-McGourty v. L & P Fin. Adjusters Inc.*, 08-CV-2849, 2010 WL 3190711 (N.D. Ill. Aug. 12, 2010)) suggesting those courts found a single instance of calling the plaintiff a "liar" established violation of section 1692d as a matter of law.

DEFENDANTS REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT   PAGE 14

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

citing *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1314-16 (E.D. Cal. 2009).[10] Ms. Braham's argument misses the point. Even in jurisdictions that impose a lower standard, "unsupported self-serving testimony by a plaintiff is not sufficient" to support emotional distress damages.

> District courts are split over whether a plaintiff's claims for emotional distress damages under the FDCPA are evaluated under the state law governing the tort of IIED or some lower standard. Under the latter approach, courts have concluded that an FDCPA plaintiff does not need to meet state law standards for IIED in order to recover emotional distress damages for an FDCPA violation...."Under the FDRA [sic—Fair Credit Reporting Act], a statutory scheme very similar to the FDCPA, a plaintiff who proves a violation of the [A]ct is entitled to actual damages for emotional distress arising from the violation, without first having to prove a right of action under state law."...Applying this rational, courts hold that when a violation of the FDCPA has been established, actual damages for emotional distress can be proven independently of state law requirements; a plaintiff need not prove state law tort elements to be compensated for their emotional distress. Id. *However, a plaintiff must demonstrate more than transitory symptoms of emotional distress and unsupported self-serving testimony by a plaintiff is not sufficient.*

---

[10] Plaintiff's Memorandum includes another quote she claims is from a Western District of Washington case, but she provides no citation. Wherever it comes from, the quoted material fails to answer defendant's argument for the same reasons as *Riley*.

DEFENDANTS REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT        PAGE 15

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

*Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069, 1073, 1077-78 (E.D. Cal. 2007) (emphasis added; citations and footnotes omitted; court granted partial summary judgment in defendant's favor on plaintiff's claim for emotional distress damages under the FDCPA).[11] This lower standard requires some corroborating evidence beyond the plaintiff's word. *Costa*, 634 F. Supp. 2d at 1080 (citations omitted).

Ms. Braham's claim for emotional distress damages fails to meet even this lower standard under the FDCPA because it relies entirely on her own uncorroborated testimony, which includes a one-time panic attack and other general descriptions of her concern about the family's debts. The former was clearly transitory, while the latter was, as observed by Ms. Braham's husband, nothing out of the ordinary. *See generally Deposition of Larry Braham ("L. Braham Dep.") 8:11-9:8, 10:13-11:16, 37:12-51:2, 54:11-14.*[12] Such evidence fails, as a matter of law, to establish a claim for emotional distress damages under the FDCPA. The Court should grant summary judgment in defendants' favor on Ms. Braham's claim for such damages.

---

[11] Ms. Braham also makes the puzzling claim that *Costa* is an unpublished case, even though it bears a citation and page references from Fed. Supp.2d.

[12] Excerpts attached to Smith Decl. as Exhibit C and to Miller Decl. as Exhibit C.

DEFENDANTS REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT    PAGE 16

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

## III. <u>CONCLUSION</u>

Defendants committed no violations of the FDCPA. Ms. Bull's alleged words to Ms. Braham in their conversations described lawful action defendants intended to—and did—take. Defendants did so by seeking documents from the client and obtaining an assignment—both of which are prerequisites to commencement of suit. Ms. Braham offers no evidence showing otherwise. Even under the "least sophisticated consumer" standard, Ms. Braham's claimed fear that the garnishment "process" could occur immediately is not reasonable. Moreover, even if Ms. Braham could establish a FDCPA violation, Ms. Braham fails to offer evidence sufficient to meet the required showing to recover emotional distress damages. The lack of evidence and corroboration for her claims warrants summary judgment in defendants' favor.

RESPECTFULLY SUBMITTED this 13th day of January, 2012.

Respectfully submitted,

s/Thomas M. Smith
Thomas M. Smith, WSBA #0687
Attorney at Law
PO Box 1360
Spokane WA 99210
Phone: (509) 327-9902
Fax: (509) 327-6238
Email: tmilby@thomasmsmithattorney.com
Counsel for Defendants

DEFENDANTS REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT    PAGE 17

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kirk D. Miller: kmiller@millerlawspokane.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM\ECF participant:   n/a

/s/ Thomas M. Smith

DEFENDANTS REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT     PAGE 18

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238