Thomas M. Smith
Attorney for Defendant Automated Accounts, Inc.
P.O. Box 1360
Spokane, WA  99210
Phone: 509-327-9902
Fax:    509-327-6238
email: tmilby@thomasmsmithattorney.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARLA BRAHAM,<br><br>                      Plaintiff,<br><br>vs.<br><br>AUTOMATED ACCOUNTS, INC., a Washington Corporation, and MICHELLE DOE and JOHN DOE, husband and wife, and the marital community comprised thereof,<br><br>                      Defendants. | NO. CV-10-385-EFS<br><br>DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' LIABILITY |

## I.    INTRODUCTION

Plaintiff Starla Braham contends defendant Automated Accounts, Inc. ("Automated Accounts") misled her in violation of the Fair Debt Collection Practices Act ("FDCPA").  She claims this occurred when Automated Accounts truthfully told her it would being the process of legal action against her and, in response to Ms. Braham's question, explained this process included garnishment.  With her summary

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 1

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA  99210
(509) 327-9902
Fax: (509) 327-6238

judgment motion, Ms. Braham now claims defendants' statements violated the FDCPA as a matter of law. Not so. Defendants' statements were true, accurate, and not likely to mislead even the least sophisticated consumer into fearing imminent garnishment. Nonetheless, Ms. Braham insists she was deceived into believing her wages could be garnished at any moment. Defendants suggested no such thing. Indeed, defendants described their intended actions as beginning a "legal process," explicitly acknowledging the time such action would take. As case law on the issue establishes, Ms. Braham's assumption to the contrary was not reasonable under even the "least sophisticated consumer" standard. Rather than granting summary judgment for plaintiff, this Court should rule as a matter of law that defendants committed no violation of the FDCPA.

## II. FACTS

Defendants have already presented the facts in papers filed with their own summary judgment motion.[1] Defendants have also filed a statement of facts in response to plaintiff's statement.[2] For brevity's sake, defendants will not repeat those

---

[1] See *Defendants' Memorandum of Authorities in Support of Defendants' Motion for Summary Judgment* and *Defendants' Statement of Facts in Support of Defendants' Motion for Summary Judgment*, both dated December 16, 2011.

[2] See *Defendants' Statement of Facts in Opposition to Plaintiff's Motion for Summary Judgment on Defendants' Liability*, filed herewith.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 2

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

accounts in their entirety. Ms. Braham's recitation of Ms. Bull's deposition testimony, however, omits facts that merit inclusion here.

Importantly, for purposes of her motion, Ms. Braham relies solely on the facts as stated by Ms. Bull. *See Memorandum in Support of Plaintiff's Motion for Summary Judgment on the Issue of Defendants' Liability Under 15 U.S.C. § 1692* ("Plaintiff's Memorandum"), pp. 5-6. The following, therefore, relies chiefly on evidence offered by Ms. Bull.

Ms. Bull spoke to Ms. Braham on November 2, 2009. *See Deposition of Michelle Bull ("Bull Dep.,") 78:6-14.*[3]*; see also Affidavit of Michelle Bull in Support of Defendants' Motion for Summary Judgment ("Bull Aff."), dated December 16, 2011.* Ms. Bull advised Ms. Braham she was behind in the agreed-upon payments on her debt and advised Ms. Braham Automated Accounts would start its "legal process" to collect Ms. Braham's debt. *Bull Dep., 78:6-14; Bull Aff.* Automated Accounts begins its legal process by requesting assignment of the consumer's debt. *Bull Dep., 79:13-14.* After speaking to Ms. Braham, Ms. Bull requested assignment of Ms. Braham's debt the same day she advised Ms. Braham she would begin the legal process—November 2, 2009. *Bull Dep., 79:15-24.*

---

[3] Excerpts attached to Declaration of Thomas M. Smith in Support of Defendants' Motion for Summary Judgment ("Smith Decl."), filed December 16, 2011, as Exhibit B.

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 3

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

During their conversation on November 2, 2009, Ms. Braham asked Ms. Bull if garnishment was part of the legal process. *Bull Dep., 81:7-21; Bull Aff.* Ms. Bull answered that she believed so. *Id.* Ms. Braham brought up the subject of garnishment--Ms. Bull did not. *Bull Dep., 100:20-24; Bull Aff.* Ms. Bull never, at any time during the conversation, told Ms. Braham Automated Accounts was going to garnish Ms. Braham's wages. *Bull Dep., 101:21-102:4.*

On November 2, 2009, after her last conversation with Ms. Bull, Ms. Braham called Ms. Bull's supervisor, Mario Ruiz, while visiting the home of her friend, Tamara Ramm. *Bull Dep., 15:20-21; Affidavit of Mario Ruiz in Support of Defendants' Motion for Summary Judgment ("Ruiz Aff.") filed December 16, 2011.* As he spoke with Ms. Braham, Mr. Ruiz heard a loud male voice in the background telling her that Automated Accounts could not garnish her wages without obtaining a judgment first. *Ruiz Aff.* It was apparent to Mr. Ruiz that the man in the background on Ms. Braham's end of the conversation, whom Mr. Ruiz presumed to be Ms. Braham's husband, Larry Braham, was coaching Ms. Braham. *Ruiz Aff.* Mr. Ruiz heard the man say to Ms. Braham that she had been consistent in making her payments to Automated Accounts, that Automated Accounts had no right to mention garnishment without a judgment in place, and that Ms. Braham knew she had 90 days from any missed payment before legal action could commence against her. *Ruiz Aff.*

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 4

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

From what he heard, Mr. Ruiz believed Ms. Braham received correct information about when garnishment could occur on that date from the man speaking to her in the background. *Ruiz Aff.*

### III. <u>ARGUMENT</u>

Under Fed. R. Civ. P. 56(c), a court should grant summary judgment if no genuine issue of material fact exists. In considering such a motion, the court must construe all facts in favor of the non-moving party. *Mena v. City of Simi Valley*, 226 F.3d 1031, 1042 n.3 (9th Cir. 2000); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

For purposes of her summary judgment motion, Ms. Braham relies solely on the facts as stated by Ms. Bull in her deposition. *See Memorandum in Support of Plaintiff's Motion for Summary Judgment on the Issue of Defendants' Liability Under 15 U.S.C. § 1692 ("Plaintiff's Memorandum"), pp. 5-6.* As the Court knows, defendants have made their own motion contending the Court should grant summary judgment in <u>defendants'</u> favor on all claims.[4] Relying on Ms. Bull's testimony and construing it in defendants' favor underscores the propriety of denying plaintiff's motion and granting defendants' motion.

---

[4] *See Defendants' Motion for Summary Judgment* and supporting documents filed therewith.

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 5

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

A. **The Least Sophisticated Consumer Standard Is Objective and Presumes a Basic Level of Understanding and Reasonableness on the Part of the Debtor.**

Ms. Braham correctly notes that the "least sophisticated consumer" standard governs the issue of whether a defendant violated the FDCPA. Despite setting a low bar, however, this standard presumes a basic level of reasonableness on the debtor's part.

> The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."…At the same time, the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care."…The FDCPA does not subject debt collectors to liability for "bizarre," "idiosyncratic," or "peculiar" misinterpretations.

*Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011) (citations omitted; emphasis added). Also, the standard is objective; it does not depend on the individual debtor's subjective understanding. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). A court applying the standard asks whether a statement would likely deceive the "hypothetical" least sophisticated consumer. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 (9th Cir. 1996) (affirming District Court's rejection of FDCPA claim where written notice contained no false information). The question, therefore, is not whether Ms. Braham was actually deceived, but whether a hypothetical "least sophisticated consumer" would

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 6

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

be.[5] Under this standard, as a matter of law, defendants made no statements likely to mislead the least sophisticated consumer.[6]

**B. Defendants' Statements Were Not Likely to Deceive or Mislead the Least Sophisticated Consumer and Thus Did Not Violate 15 U.S.C. § 1692e(4), 1692e(5), or 1692e(10) as a Matter of Law.**

Section 1692e of the FDCPA prohibits a debt collector from making representations or threatening actions the debt collector a) cannot legally take and b) does not intend to take. *See* 15 U.S.C. § 1692e.[7] Conversely, a debt collector's

---

[5] Indeed, there is evidence Ms. Braham was not actually deceived. *See generally Ruiz Decl*, relevant portions cited above in "Facts" section..

[6] Plaintiff suggests defendants rely on the "literal truth" of their statements to Ms. Braham as a defense to her claims. *See Plaintiff's Memorandum, p. 14.* That is not true. While defendants do maintain their statements to plaintiff were true, the remainder of this memorandum demonstrates that defendants' statements were not only true, but were <u>also</u> not likely to mislead the least sophisticated consumer.

[7] The relevant subsections provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 7

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

representation does not violate these sections if the debt collector a) can legally take the action and b) intends to do so. *Id.*

Statements like those made by Automated Accounts in this case do not, as a matter of law, constitute violations of the FDCPA. A debt collector may legally seek such remedies as garnishment, seizure, or attachment of property to collect a debt. *See, e.g., Shuler v. Ingram & Associates, et al.*, 710 F. Supp. 2d 1213, 1224-25 (N.D. Ala. 2010); *aff'd*, ___ F. Supp.3d ___, 2011 U.S. App. LEXIS 19897 (11th Cir. 2011) (granting summary judgment for defendant on plaintiff's FDCPA claims). In *Shuler*, defendant Ingram & Associates ("Ingram") made motion for summary judgment. For purposes of that motion, the court accepted as true the plaintiff's allegation that Ingram told plaintiff, "if we go forward, there will be a lien on your property and we will garnish your wages, 25% of disposable income." *Shuler*, 710 F. Supp. 2d at 1218-19. The court found that Ingram was legally entitled to take those actions even though it never filed a lawsuit against plaintiff. The court explained:

> ...Ingram, as a debt collection law firm, is legally entitled to seek the seizure, garnishment, or attachment of the property or wages of Roger Shuler to collect on the American Express debt. The statements that Ingram may place a lien on

---

...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 8

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

> plaintiffs' property, garnish Shuler's wages, that Ingram prosecutes debts like his, and always wins since the debt is owed, (doc. 61 at 7-10), do not constitute threats or actions that Ingram could not or did not intend to take. Rather, the statements placed plaintiffs on notice of options legally available to Ingram.

*Shuler*, 710 F. Supp. 2d at 1224-25 (footnote omitted).[8] Moreover, defendants fully intended to begin the legal process as they stated. The fact that no lawsuit was filed did not disprove Ingram's intent to take legal action. A debt collector's statement that it intends to take legal action can establish a reasonable likelihood that it intends to do so.

> Finally, plaintiffs miss the mark when they contend that Ingram's failure to file a lawsuit establishes that it never intended to file a lawsuit and therefore violated §§ 1692e(4) and (5). There is no provision in § 1692e that states that filing a lawsuit is the *only* way for a debt collector to establish that it actually intended to file a lawsuit. To the contrary, because Ingram is a law firm specializing in collections,...a reasonable likelihood existed that Ingram would indeed sue to collect the debt when it so stated to plaintiffs. That Ingram (or more likely, American Express) has not yet elected, or may have decided not, to sue does not create a material dispute. Ingram's actions here are not akin to those in *Jeter* in which the creditor represented that it would sue in five days if the plaintiff failed to respond. 760 F.2d at 1175-76. Moreover, unlike *Jeter,* plaintiffs here have not presented any evidence showing that Ingram never sues debtors or sues only in extremely rare situations -- both of which factored in the *Jeter* court's decision. *Id.* at 1176-77. Plaintiffs' failure to present this type of evidence is not surprising since Ingram is, after all, a collection law firm. Since NCO transferred Shuler's account to Ingram after it could not collect, a reasonable likelihood existed that Ingram indeed intended to sue at the time it

---

[8] The fact that Ingram is a debt collection law firm and Automated Accounts is not does not meaningfully distinguish *Shuler* from this case. Both are debt collectors under the FDCPA, and like any debt collector, Automated Accounts can, and sometimes does, initiate legal action to collect debts. It began that process in this case, when Ms. Bull sought client records and obtained an assignment.

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 9

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

made the statements at issue. Accordingly, summary judgment is warranted on plaintiffs' §§ 1692e(4) and (5) claims.

*Shuler*, 710 F. Supp. 2d at 1225.

Plaintiff makes much of the fact that no judgment existed at the time of Ms. Braham's November 2009 conversation with Ms. Bull. That is irrelevant unless the debt collector threatens <u>imminent</u> legal action. *Shuler*, 710 F. Supp. 2d at 1225. For instance, *Shuler* distinguishes itself from a case in which a creditor threatened to sue the plaintiff within five days:

> That Ingram (or more likely, American Express) has not yet elected, or may have decided not, to sue does not create a material dispute. Ingram's actions here are not akin to those in *Jeter* in which the creditor represented that it would sue in five days if the plaintiff failed to respond.).

*Id.* Indeed, plaintiff's own authority concedes that the imminence of a garnishment threat is what makes it an "action that cannot legally be taken" and therefore a FDCPA violation.

> It is undisputed that Defendant sent a letter to Plaintiffs on March 20 threatening to garnish their wages. It is further undisputed that Defendant did not have a judgment or other legal justification by which to do this. This statement therefore violated the FDCPA by threatening action which cannot legally be taken. 15 U.S.C. § 1692e(4)-(5). *Though garnishment of wages is certainly legal, it is important to note that Defendant did not threaten garnishment at some unknown future date, but rather, after ten days. Doc. 18-5. Since Defendant did not have a judgment at that time and could not have reasonably obtained one within ten days, this was action that could not legally be taken.*

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 10

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

*Terry v. C & D Complete Business Solutions*, Case No. 09-00799-CV-W-DGK, 2011 U.S. Dist. LEXIS 4372, 18 (W.D. Mo. 2011) (emphasis added).[9]

Automated Accounts told Ms. Braham it would start the "legal process" and, in answer to Ms. Braham's question, truthfully stated this could include garnishment. Defendants specified no time within which garnishment would occur, nor did they state or imply garnishment was imminent. As in *Shuler*, defendants described lawful actions they can, and sometimes do, take to collect debts. Defendants then began the process of legal action by seeking client records and obtaining an assignment.[10] The

---

[9] The other authorities plaintiff cites on this point also assume imminent threats. The quoted portion of *Nance v. Friedman*, 2000 U.S. Dist. LEXIS 16897, 2000 WL 1700156 (N.D. Ill. Nov. 8, 2000), notes that the letters at issue in that case "do not just say he was authorized to sue; they indicate that a suit is imminent." *Sowers v. Wakefield & Associates*, 2010 U.S. Dist. LEXIS 103843 (D. Colo. 2010), quotes *Nance* in support of its holding. While *Sowers* does not specifically rest its own decision on the imminence of the threat, neither does it rest on the existence of a judgment—rather, it denies summary judgment for lack of evidence of "whether the defendant owned this debt; whether the assignment of the debt included authority to bring a suit; or whether the defendant had any actual intention to bring a suit to collect the remaining balance of the indebtedness." *Sowers v. Wakefield & Associates*, 2010 U.S. Dist. LEXIS 103843, 12. It further notes the lack of "an existing judgment *or other legal authority*," indicating that the absence of a judgment is not dispositive. *Id* (emphasis added). This case is distinct from *Nance* and *Sowers*. There was no threat of imminent garnishment, and there is evidence of both defendants' intent to begin legal proceedings and, similar to *Shuler*, its authority to do so.

[10] The facts that defendants sometimes did take legal action and, in this case, started the legal process as they said they would (by obtaining an assignment), answers plaintiff's lengthy argument about the "literal truth" of defendants' statements. *See Plaintiff's Memorandum, pp. 14-18*. Plaintiff cites authority from other circuits holding that even a

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 11

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

evidence shows that Ms. Bull began the process of taking legal action by obtaining an assignment from the client. Ms. Braham fails to provide any evidence whatsoever that demonstrates otherwise. Defendants' reference to beginning the "legal process" thus constituted a reference to an action, lawful in Washington,[11] that defendants intended to take.

Defendants stated they would pursue legal action against the plaintiff and began the process of doing so. As established by *Shuler* and *Terry*, their statements to Ms. Braham were accurate and not misleading as a matter of law.

C. **Defendants' Statements Were Not Subject to More Than One Reasonable Interpretation.**

Defendants' statements were not, as plaintiff argues, subject to more than one reasonable interpretation. *See Plaintiff's Memorandum, pp. 6-7, 16-17*. Ms. Braham's interpretation of Ms. Bull's alleged words, however, is not reasonable. Ms. Bull did not state garnishment would occur immediately. Rather, as both parties testify, Ms. Bull said she intended to begin the "process" of taking legal action. *Bull*

---

threat that a debt collector "could" take action might mislead a consumer if the debt collector seldom took the action or had no intention of taking it. Neither is true here. Automated Accounts sometimes takes legal action and actually began that process here.

[11] *See generally RCW Chapter 6.27.*

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 12

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

*Dep.*, 78:6-14, 81:7-21, 101:21-102:4. Moreover, Ms. Braham's husband tried to reassure her garnishment could not happen immediately or automatically. *Ruiz Decl.*

Ms. Braham's alternate interpretation of Ms. Bull's statements is not reasonable on these facts. Ms. Braham fails to provides any evidence to dispute the fact that Ms. Bull's statements involved lawful actions that defendants intended to—and did—take. The fact that no garnishment ultimately occurred does not make Ms. Bull's alleged statements untrue. *See Shuler*, 710 F. Supp. 2d at 1225. Ms. Braham is not entitled to summary judgment on her claim under FDCPA section 1692e. To the contrary, summary judgment for defendants is proper.

## IV. CONCLUSION

Defendants did not violate the FDCPA. Defendants' statements to Ms. Braham described actions defendants a) could lawfully take and b) intended to take. Defendants' statements were true, accurate, and unlikely to mislead the reasonable, least sophisticated consumer. The Court should deny plaintiff's motion for summary judgment. Instead, it should grant summary judgment for defendants on plaintiff's claims.

RESPECTFULLY SUBMITTED this 20th day of January, 2012.

Respectfully submitted,

s/Thomas M. Smith
Thomas M. Smith, WSBA #0687

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 13

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA 99210
(509) 327-9902
Fax: (509) 327-6238

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kirk D. Miller: kmiller@millerlawspokane.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM\ECF participant:   n/a

/s/ Thomas M. Smith

DEFENDANTS MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE 15

THOMAS MILBY SMITH, INC., P.S.
ATTORNEY AT LAW
P.O. Box 1360
Spokane, WA  99210
(509) 327-9902
Fax: (509) 327-6238